CONKLIN *v.* OGBORN and Another.

After the dissolution of a partnership, one partner can not bind his co-partner by a promissory note in the name of the firm.

To make a voidable contract of an infant binding upon him, he must expressly ratify it after he attains to full age; and a ratification will not be inferred from a mere acknowledgment of the debt.

A promise to pay, or a direct confirmation, after the infant has attained to full age, is evidence of such ratification.

APPEAL from the *Wayne* Court of Common Pleas.

DAVISON, J.—*Ogborn* and *Hart* sued *William H. Conklin* and *Isaac N. Gaston*, upon two promissory notes, and for goods sold and delivered. The notes are as follows:

" $132 80. *Cincinnati, April* 17, 1854. Ninety days after date, we promise to pay to the order of *W. E. Ogborn & Co.*, one hundred and thirty-two dollars and eighty cents, for value received. *Conklin & Gaston.*"     ·

" $131 97. *Cincinnati, May* 16, 1854. Ninety days after date, we promise to pay to the order of *W. E. Ogborn & Co.*, one hundred and thirty-one dollars and ninety-seven cents, for value received. *Conklin & Gaston.*"

Under the charge for goods sold and delivered, the plain-

tiffs filed their bill of particulars, wherein they claim 264 dollars and 77 cents.

*Gaston* was defaulted. *Conklin* appeared and answered the complaint. His answer alleges—

1. That he did not execute the notes in suit, or either of them, nor authorize any person to execute the same for him, and that they are not his act. This paragraph is verified by the defendant's affidavit.

2. That at the date of the notes he was a minor, under the age of twenty-one years.

3. That each and every allegation in the complaint is untrue.

4. That at the time of the purchase of the goods sued for, he was a minor, under twenty-one, &c.

To these paragraphs the plaintiffs replied, that the defendant, when he executed said notes, was not a minor; that after he attained the age of twenty-one years, and before this suit, he assented to and ratified the promises contained in the notes, and also the purchase of said goods. The Court tried the cause, and found for the plaintiffs; and a motion for a new trial having been overruled, judgment was given in their favor.

The record contains the evidence. It was proved that the defendant was not of full age until the 9th of *October*, 1853; that he was a member of the firm of *Conklin* and *Gaston*, who carried on business at *Hagerstown, Indiana;* which firm was dissolved about the first of *February*, 1854, when the defendant left *Hagerstown*, and did not afterwards reside there. It further appears that the notes were given for the same store goods for which a recovery is sought under the paragraph for goods sold and delivered. And it is proved that these goods were purchased in *September*, 1853. One *McFarland*, a witness, testified that in *January*, 1855, he was a collecting agent for the plaintiffs, and, as such, had an interview with the defendant in relation to the indebtedness of *Conklin* and *Gaston* to the plaintiffs. According to the recollection of the witness, defendant acknowledged his indebtedness to the plaintiffs, and that he and *Gaston* were partners when the goods were

bought. He would make no definite promise to pay the notes, though witness insisted on such promise. He said "perhaps they might be paid some time." His answers to witness's questions were evasive. He did not say that he would not pay the notes, nor would he positively promise to do so. *Hibby*, another witness, testified that he called on the defendant in *February*, 1855, and told him that he, witness, had a note against *Conklin* and *Gaston*, upon which he was authorized to take a judgment, and had talked to *Gaston* about the note, who said it was all right. Witness also told the defendant that Court was coming on, and he would like to have a judgment, and then inquired of him, what he would do about the note? He replied, "hold on a while and I will see about it." The defendant did not say to either of the witnesses that he · had not executed the notes; nor did he say that he was not bound to pay them.

There is no evidence amounting to proof that *Conklin* executed the notes. They were given some four months after the dissolution of the partnership; and the default of *Gaston*, in connection with the facts proved, admit the inference that he, in the name of *Conklin* and *Gaston*, executed and delivered them to the plaintiffs. As a general rule, one partner has no right to bind his co-partner, after dissolution, by promissory note in the name of the firm, though he may have power to settle all demands in favor of or against it. 4 McLean 383.—10 Barb. 570.—1 Ind. R. 185. These notes are not available against *Conklin*, unless he has ratified and confirmed the act of giving them. On this point there is no sufficient proof. His statements, as they occur in the evidence, viz., "perhaps the notes might be paid some time;" "hold on a while and I will see about it;" fall short of inducing the conclusion that he intended to ratify their execution, or admit that he was bound by the promises which they contained.

It remains to be considered whether *Conklin*, after mature age, ratified and confirmed the contract for the purchase of the store goods charged in the complaint? This contract was voidable merely, not void; consequently, it

was susceptible of ratification without any new consideration.

Was the contract ratified? Upon this subject the weight of authority seems to hold that such ratification must be express. It may, however, be proved in divers ways; *but it cannot be inferred from a mere acknowledgment of the debt, as in cases on the statute of limitations.* A promise to pay is evidence of ratification; so is a direct confirmation, though not in words amounting to a direct promise; as if the party should say, after coming of age, " I do ratify and confirm," or, " I do agree to pay the debt." *Thompson* v. *Lay*, 4 Pick. 48. Apply this exposition of the law to the case made by the evidence, and it will at once be seen that here there has been no express ratification. The language of the witness is, " defendant acknowledged his indebtedness to the plaintiffs;" but this is nothing more than a mere acknowledgment, and one from which an intent to ratify or confirm can not be inferred. This conclusion acquires additional support when we look into the entire evidence. As a whole, it plainly shows that he intended to avoid a promise.

We are of opinion that the finding of the Court is obviously unsustained by the proofs, and that the defendant is therefore entitled to a new trial.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. B. Julian*, for the appellant.