Catlin v. Haddox.

---

ARTHUR D. CATLIN, ADMINISTRATOR, vs. VIRGINIA E. HADDOX.

The contract of an infant for the payment of money, not for necessaries, can not, as a general rule, be ratified by a mere acknowledgment of indebtedness after he becomes of age. There must be an express promise to pay.

The exception to the rule is, where the infant received the consideration for which his promise was given, and after he becomes of age, still has it in his possession or under his control. In such a case it will be inferred from his mere acknowledgment of indebtedness that he intended to make himself liable.

In a suit on a note given by an infant, brought after he has become of age, it will not be presumed that the note was given for necessaries, nor that the consideration remains under his control. The whole burden of proof is on the plaintiff.

Where all the evidence that a note given by an infant a few days before he became of age had been ratified after he did so, was one indorsement of a year's interest paid, without date, and another of a payment on the principal about four years after the date of the note, both in the handwriting of the payee, and found upon the note after his death, it was held not sufficient to prove even an acknowledgment of indebtedness.

ASSUMPSIT on a note given by the defendant when a

minor; brought to the Superior Court in Litchfield County. The following facts were found by the court.

The plaintiff sues as administrator of Christopher P. Wheeler, who resided at Goshen in Litchfield County. After Wheeler's death the note in suit was found by the plaintiff in a box containing notes, government bonds and other valuable papers belonging to him, which he had kept in the vault of a bank in Litchfield. The note was as follows, with the following endorsements upon it in the handwriting of Wheeler:

"New York, 16th Oct., 1848.

"On demand, for value received, I promise to pay C. P. Wheeler two hundred and eighty dollars with interest.
Virginia E. Chapin."

"Interest paid on within note for one year."
"Paid on the within note fifty dollars, August 21, 1852."

The note was executed by the defendant, her name having then been Virginia E. Chapin, while a minor, and ten days before she became of age. Wheeler was her uncle by marriage.

The defendant was born at Goshen, October 26th, 1827; removed to Alabama in the fall of 1848; was married in the city of New York in September, 1851, to Edmund H. Arnold; returned with her husband to the state of Alabama in 1857; was in Connecticut in 1853, 1856 and 1858; Arnold died in 1861, and she was married again in 1866, to her present husband, and has ever since been and is now living with him in Alabama. She has not resided in this state since the fall of 1848, and has been in the state since that period only temporarily.

Upon these facts the case was reserved for the advice of this court.

*H. B. Graves*, for the plaintiff.

1. The note is not barred by the statute of limitations, as the defendant has lived out of the state ever since it was

given. Nor is the acknowledgment of the debt which we claim to have been made affected by her marriage. The payment of interest was before her marriage, and although she was married when the payment on the principal was made, yet it being her own note it was within her power to make the payment, which was presumably from her own money, and when made it should have the same effect as if she had been sole at the time.

2. The indorsements by Wheeler of the payment of interest and of the payment on the principal, must be regarded as sufficient proof that such payments were in fact made. The indorsements are in his handwriting, as they of course would be. They became, under our statute with regard to memoranda left by deceased persons, admissible as evidence of what they state; and in the absence of all proof to the contrary must be taken as sufficient proof of the fact of such payments. The indorsement of the interest is not dated, but it being for a year's interest, the payment must clearly have been made after the defendant became of age, as the note had then run but ten days.

3. The acknowledgment of indebtedness thus made is a ratification of the debt, which makes the defendant now liable. *Stokes* v. *Brown*, 4 Chandl., 39.; *Little* v. *Duncan*, 9 Rich. Law, 55. All the authorities are agreed that a mere acknowledgment of indebtedness is enough where the infant retains the consideration and has it in possession on coming of age; which must have been the case here, as she attained her majority immediately after receiving the consideration. And a payment of money is not a mere acknowledgment of an indebtedness, but an expression of an intent to pay.

4. Under Gen. Statutes, p. 417, sec. 9, the action can be maintained against the defendant without joining her husband.

*C. B. Andrews*, for the defendant.

1. The indorsements on the note, made by Wheeler himself, who had an interest in making them, do not prove that

the payments were made, and if made do not prove that they were made by the defendant. The payment of $50 was made, if at all, when she was absent from the state and a married woman, and may have been made by her husband, and there is no date to the indorsement of the year's interest.

2. But even if they prove the payments claimed they prove only a bare acknowledgment of indebtedness, which is not enough to ratify the contract of an infant, unless in certain excepted cases which do not embrace the present case. In such a case as this an express promise is necessary. 2 Greenl. Ev., § 367; 1 Chitty on Cont., 216; *Benham* v. *Bishop*, 9 Conn., 330; *Wilcox* v. *Roath*, 12 id., 550; *Robbins* v. *Eaton*, 10 N. Hamp., 561; *Ford* v. *Phillips*, 1 Pick., 202; *Smith* v. *Kelley*, 13 Met., 309; *Thrupp* v. *Fielder*, 2 Esp., 628.

3. The suit can not be maintained against the wife alone.

LOOMIS, J. The note in suit was executed by the defendant when she was a minor and unmarried. Subsequently she married and removed with her husband to the state of Alabama, and resided there with him until his death in 1861. In 1866 she was married to her present husband, W. T. Haddox, with whom she has resided in Alabama since the fall of 1868. The payee of the note died in 1877, and the plaintiff afterwards, as administrator, found the note with other papers of the deceased in the vault of a bank where he had left them. The note was indorsed in the handwriting of the payee as follows:—"Interest paid on within note for one year." "Paid on the within note fifty dollars, August 21, 1852."

The plaintiff relies on a confirmation of the contract made during minority by a partial payment made by the defendant after she became of full age. And he claims that the simple indorsement as above establishes the fact of such payment.

It was the exclusive province of the Superior Court to consider the evidence and find the issuable fact. We have

however only certain evidential facts, which may furnish some basis for inference in regard to the main fact; but we do not regard the former as the equivalent of the latter. The evidence falls below that of an ordinary admission on the part of the defendant. It consists wholly of a written memorandum by the party claiming the benefit of it. Under our statute, (if not otherwise,) it was legitimate evidence to be considered, but it is incomplete and must be supplemented by other inferences, more or less probable, but by no means necessary, in order to establish the fact relied upon. For instance, after assuming the truth of the indorsement, we do not know when the interest was paid—whether in advance or after due; if before due, it was a payment during minority. In order to give it any force therefore we must presume that the payment was not made till due. Then again, it is not stated by whom the payment was made. It might have been by the husband without the wife's direction, in which case it would be of no account; and here again it has to be presumed that no one would pay but the wife.

Nothing at all is disclosed by the record as to the actual transaction that occasioned the indorsements in question—which ordinarily must have a controlling signification as to the intention of the party. In view of the authorities that have gone farthest in the direction of facilitating the confirmation of contracts by infants when of full age, there ought at least to be some act on the part of the maker of the note clearly admitting an actual willingness and intention to pay the whole amount. *Stokes* v. *Brown*, 4 Chand. (Wis.,) 39; *Little* v. *Duncan*, 9 Rich. Law (S. C.,) 55. But we have found no case where an infant's contract has been held to be validated upon such meagre evidence as this record presents, founded as it is upon the inference to be drawn from the mere fact that the party holding the note and interested in the confirmation had for some unknown reason indorsed on it a part payment.

If then we assume the law to be that a part payment of a note by an infant after full age may be a ratification of

the whole so as to make the contract binding, we should hesitate to accept the evidence in this case as a sufficient confirmation.

But to adopt the above as the rule of law in this state would require us to overrule or essentially modify the legal propositions deliberately adopted by this court in two well considered cases, which have hitherto been accepted as the law of this state.

In *Benham* v. *Bishop*, 9 Conn., 330, which was an action on a note made by an infant, where the plaintiff claimed a ratification by certain facts peculiar to that case, DAGGETT, J., giving the opinion, says, (p. 333):—"It is very clear from all the authorities that the note of an infant cannot be ratified by merely acknowledging that he made it or that it is due. Unlike an admission of a debt barred by the statute of limitations, which has been held to remove the bar and authorize a recovery, in the case of the note or bond of a minor there must be a promise to pay when of full age." And he cites several authorities in support of the proposition.

So in the later case of *Wilcox* v. *Roath*, 12 Conn., 550, in an action of the same kind where a ratification by the defendant was pleaded, BISSELL, J., in giving the opinion of the court says, upon the question what amounts to a ratification:—"An attempt has been made to show an analogy between this case and cases arising under the statute of limitations; and it has been contended that the evidence which would take a case out of that statute is sufficient to prove the ratification of a contract made by an infant. Such however is not the rule. The cases are not analagous. They stand on different grounds and are governed by different principles. In the one case the debt continues from the time it was contracted. A new promise merely rebuts the presumption created by the statute, and the plaintiff recovers, not on the ground of any new right of action, but that the statute does not bar the old one. In the other, there never was any legal right capable of being enforced. And in case of a promise after the infant becomes

of age, he takes upon himself a new liability, founded, indeed, on a moral obligation existing before. Accordingly it is well settled that a bare acknowledgment is sufficient to take a case out of the statute of limitations. But in regard to the contract of an infant, it has been repeatedly adjudged that there must be an express promise to pay the debt after he arrives at full age; otherwise there is no ratification." And a large number of authorities are cited in support of this reasoning.

There are authorities from other jurisdictions that deny the propositions contained in the opinions we have cited, and that hold substantially that any words or acts after full age which would suffice to revive a promise barred by the statute of limitations would confirm a contract by an infant. See *Stokes* v. *Brown* and *Little* v. *Duncan*, supra.

Yet we believe there is a decided preponderance of legal authority in substantial accord with those citations. In attempting to draw the line between what amounts to a ratification and what falls short of it under the diverse circumstances of the different cases, some confusion has been introduced into the discussion, but much of the conflict is only apparent, and can be reconciled by keeping in mind the distinctions founded on the nature of the contract or the circumstances or conduct of the defendant relative to the subject matter or the consideration.

In 2 Greenleaf's Evidence, § 367, the author says:— " There is however a distinction between these acts and words which are necessary to ratify an executory contract, and those which are sufficient to ratify an executed contract. In the latter case any act amounting to an explicit acknowledgment of liability will operate as a ratification; as in the case of a purchase of land or goods, if, after coming of age he continues to hold the property and treat it as his own. But in order to ratify an executory agreement made during infancy, there must be not only an acknowledgment of liability, but an express confirmation or new promise voluntarily and deliberately made by the infant upon his coming of age, and with knowledge that he is not legally

liable. An explicit acknowledgment of indebtedness, whether in terms or by a partial payment, is not alone sufficient, for he may refuse to pay a debt which he admits to be due." And the numerous cases sustaining this doctrine are referred to in the notes.

In *Robbins* v. *Eaton*, 10 N. Hamp., 561, there is an interesting discussion of this subject, and the court say:— " Payment of part of a note is no ratification of the whole, because the infant may admit only an indebtedness to that extent. The ratification should be equivalent to a new contract. Therefore an express promise as to the whole debt is necessary. There are numerous authorities to this effect, but these are cases where notes were given for articles which had been used or consumed prior to the infant's becoming of age. Where the matter constituting the consideration of the note is not in existence when the infant becomes of age, or is wholly beyond his control, there is nothing upon which an implied promise can arise, and an express promise to pay the debt can alone render the infant liable. * * But where the consideration of the note is still in existence, in as perfect a state after the infant becomes of age as before, and is subject to his control, he may so deal with the articles or property forming such consideration as to raise an implied promise of payment."

In *Boody* v. *McKinney*, 10 Shepley, 517, SHEPLEY, J., makes an able analysis of the cases on this general subject and classifies them according to the different situations and circumstances in which the infant is placed in regard to the subject matter of his contract, and the distinctions made will be found to vindicate the result we have reached in the case at bar.

In 7 Wait's Actions and Defences, § 7, p. 140, it is said: " A voidable contract of an infant cannot after his coming of age be ratified by a mere acknowledgment of the debt. Such at least is the rule applicable to his executory contracts." And *Dunlap* v. *Hales*, 2 Jones Law, (N. C.,) 381, *Conklin* v. *Osborn*, 7 Ind., 553, and *Bank of Silver Creek* v. *Browning*, 16 Abb. Prac. R., 272, which are referred to, abundantly sustain the citation from the text.

In *Edmunds* v. *Mister*, 58 Miss., 765, decided in 1881, CHALMERS, C. J., in giving the opinion of the court says:— "The executory contracts of infants for the payment of money, not for necessaries, impose no legal liability upon them. * * They can be ratified at common law only by an act or agreement which possesses all the ingredients necessary to a new contract, save only a new consideration. * * A mere acknowledgment of the debt is not sufficient, but there must be an express promise to pay, voluntarily made. * * It stands not upon the footing of a debt barred by the statute of limitations and afterwards revived by a new promise, because in such a case there has always been an existing, unextinguished right, since the limitation affects only the remedy and not the right; but it is rather like a debt wiped out by a discharge in bankruptcy."

The citations that we might make to the same effect are very numerous, but the above will suffice. They are directly applicable to the case under consideration, even if we accept the plaintiff's claim that the finding should be construed as in effect giving him the benefit of part payment. But at most this is the only fact to sustain the plaintiff's claim that the contract was ratified. The burden of proof was on him to establish the ratification and nothing can be assumed in his favor that is not found expressly or in effect. It cannot therefore be assumed either that the note was given for necessaries, or for a consideration that remained within the control of the defendant after she became of full age.

The case upon the finding, construed in the most favorable light for the plaintiff, cannot be brought within any of the classes of cases referred to that allow a ratification by anything short of an express promise to pay the debt.

It is not necessary for us to consider any other question made in the case. We advise the Superior Court to render judgment for the defendant.

In this opinion the other judges concurred.

NOTE. The text books and decisions make the distinction, which is remarked upon in the foregoing opinion, between the acts which are suffi-

cient to ratify the contract of an infant where the consideration of his promise has been received by him and remains in his possession or under his control, and the acts necessary to constitute such a ratification where the fact is otherwise, and apply to the infant's contract the terms "executory" and "executed" as expressing this distinction; and one of the text writers quoted gives as an illustration of an executed contract the case of "a purchase of land or goods," where the infant "after becoming of age continues to hold and treat the property as his own;" while another, speaking of the rule that a voidable contract of an infant can not after his coming of age be ratified by a mere acknowledgment of the debt, says that "such at least is the rule applicable to his *executory contracts.*" The court in the foregoing opinion, while noticing this distinction, does not use the same terms.

These terms are not accurately used. Where an infant gives his note for land or other property purchased, his contract is not an executed one. It is an executory contract on an executed consideration. Every contract of an infant that needs to be enforced by a suit is an executory one. An illustration of his executed contract would be his payment for the property purchased at the time of the purchase, instead of the giving of his note. Here there would be nothing to enforce against him on his becoming of age. If he should decide to avoid the contract, and attempt to recover back the money, this would be his own suit and not a suit against him; and the court would not allow him, while keeping the consideration, to recover back the money. The distinction is not therefore between the executory and the executed contracts of an infant, but between the cases where the consideration of the infant's executory contract is itself executory and those where it is executed; with the further distinction stated by the authorities between the case of an executed consideration which the infant retains and has the benefit of after becoming of age, and the case of such a consideration having passed out of his possession or control before he became of age.