Heady *et al. v.* Boden *et al.*

No. 623.

## HEADY ET AL. *v.* BODEN ET AL.

INFANT.— *Promissory Note.*— *Ratification.*— *Consideration.*— *Promise to Pay Made to Agent.*—The note of an infant is voidable only, and not void. A promise made by the infant, on attaining his age, to pay it is binding, and needs no new consideration. Such a promise may be made to the payee or his agent.

PRACTICE.—*Judgment Against Defendant Failing to Answer Without Defaulting Him.*—A judgment against a defendant, who has not answered, and who is not defaulted, is nothing more than an irregularity, not sufficient to reverse the case on appeal.

From the Hamilton Circuit Court.

*T. J. Kane* and *T. P. Davis*, for appellants.

*R. R. Stephenson* and *W. R. Fertig*, for appellees.

NEW, J.—This was an action by the appellee against the appellants and one Charles Richart upon a promissory note executed by them to the appellee.

The appellant Larue Heady filed an answer consisting of one paragraph, alleging that at the time of the execution of the note sued on, he was an infant under the age of twenty-one years.

To this answer the appellee filed a reply containing two paragraphs, the second of which was a general denial. The first paragraph alleges that said Larue Heady, after he arrived at the age of twenty-one years, and before the commencement of this suit, with knowledge that he was not bound by said note, entered into an agreement with plaintiff and his authorized agent for that purpose, in which he then and there promised to pay said note, and thereby ratified his execution of the same.

A demurrer to this paragraph of the reply was overruled and exception reserved.

There was a trial by jury, with verdict and judgment for the appellee in the sum of $220.50 against the appellants and Richart. The latter, upon his cross-complaint, was

found to be surety for the appellants on said note, and judgment was entered accordingly.    Richart does not appeal.

It has been suggested that the appellant Charles W. Heady did not answer, was not defaulted, and that the record does not show that he appeared.

We do not think the failure to default the said appellant can be regarded as anything more than a mere irregularity. He has joined in the appeal and assigned error, in which no complaint is made in the respects referred to.    See *Woolery* v. *Grayson,* 110 Ind. 149.

A motion for a new trial made by the appellant Larue Heady was overruled.

The appellants have jointly assigned as error that the complaint does not state facts sufficient to constitute a cause of action.    The appellant Larue Heady separately for himself has assigned as error the overruling of his demurrer to the first paragraph of the reply, and the overruling of his motion for a new trial.

The joint assignment of error by the appellants and the second assignment of error by the appellant, Larue Heady, are waived because not discussed.

The remaining question presented for our decision relates to the sufficiency of the first paragraph of the reply to the answer of infancy filed by the appellant Larue Heady.

In our opinion the court did not err in overruling the demurrer to this paragraph of the reply.

The note sued on was not as to the appellant Larue Heady void.    It was merely voidable, and could be ratified by said appellant when he attained the age of legal maturity, without any new consideration.    It is shown by the averments of this paragraph that said appellant after he became twenty-one years, and before the commencement of this suit, ratified his execution of the note sued on by promising to pay the same.    It was a direct and express promise made to the appellee and his agent to pay the note.    That promise needed no consideration to support it except the original

consideration, which is in no way questioned. That promise constituted a ratification of the original promise and authorized the appellee to sue upon the original promise. *Conklin* v. *Ogborn*, 7 Ind. 553; *Fetrow* v. *Wiseman*, 40 Ind. 148; *Martin* v. *Mayo*, 10 Mass. 137; *Thompson* v. *Lay*, 21 Pick. 523; *West* v. *Penny*, 16 Ala. 186; 1 Story Contracts (5th ed.), sections 112, 113,114; 1 Parson Contracts (7th ed.), 363; Schouler Domestic Relations (2d ed.), 619,620, 621; 10 Am. and Eng. Encyc. of Law, 644, 645, 646, 647, 648.

It is alleged that the promise to pay was made to the appellee and his authorized agent. A promise to such an agent is binding. *Bigelow* v. *Grannis*, 2 Hill, 120; *Goodsell* v. *Myers*, 3 Wendell, 479; *Hoit* v. *Underhill*, 10 N. H. 220; 10 Am. and Eng. Encyc. of Law, 648.

There are no other questions demanding our attention.

The judgment is affirmed, with costs.

Filed April 15, 1892.