No. 936.

EMERSON, SR., v. OPP ET AL.

APPELLATE COURT PRACTICE.—*Record.—Failure to Show the Filing of an Answer.—Issue.*—Where the transcript of the record does not show the filing of an answer, but throughout the proceedings and trial the answer of *non est factum* was treated and considered by the parties, and also by the court, as a part of the record, it will be so considered on appeal.

SAME.—*Petition for Rehearing.—New Question.*—New questions in a petition for a rehearing will not be considered when they are such as might have been presented on the original hearing.

SAME.—*Appellant's Brief Must Present Errors Relied on.— When Court Will Not Search Record.*—The appellate tribunal will not go beyond the brief of appellant to search the record for reasons or errors that have not been pointed out, on which to reverse the judgment; and the silence of the appellant on any point is construed as a waiver of such point.

PROMISSORY NOTE.—*Material Alteration.—Additional Signatures.—Burden of Proof.*—If the maker of a note delivers the same to the payee, and the payee, through another person, and in the absence of the maker, procures other signatures to the note, it is incumbent on the holder of the note to show that such material alteration was made with the knowledge and consent of the maker of the note.

SAME.—*Alteration.—Ratification.*—In such case, an express promise by the maker, after maturity of the note, to the holder thereof, with knowledge of such alteration, to pay the note, constitutes a ratification of the alteration.

From the Benton Circuit Court.

*C. M. Snyder, D. Fraser* and *W. H. Isham,* for appellant.

*M. H. Walker* and *G. H. Gray,* for appellees.

DAVIS, J.—This was an action instituted in the court below by the appellee, John Opp, against James Emerson, Senior, appellant, and his sons George T. Emerson and James A. Emerson, on a note purporting to have been executed by all three of the Emersons.

The complaint was filed in vacation, on the 24th day

of October, 1891. The November term commenced on the second Monday, the 11th day of the month. The defendants were, on the first day of the term, ruled to answer the complaint on the 4th day of the term. The clerk recites that the answers, which are set out in the transcript, were filed on the 16th day of November, "but no order-book entry was ever entered thereof."

The appellant's answer, so filed, was a *non est factum*. As judgment was rendered in favor of the other defendants, who are joined as appellees herein, it is not necessary to consider the answers filed by them.

On the trial the jury returned a verdict, finding the facts specially, in substance and effect, so far as material to the questions involved in this appeal, that said Opp, in 1875, made a loan of money to appellant, for which debt he executed his note bearing interest; that the note in suit was executed by him in renewal of the debt, and was afterwards changed at the instance of Opp, by procuring the signatures of the sons of appellant thereto; that, after the maturity of the note, appellant, with full knowledge of such change, promised and agreed to pay it.

Judgment was rendered against appellant for $1,327.66, the amount due on the note.

Several questions arise on the errors assigned and the argument of counsel, which we will proceed to determine.

It is contended by counsel for appellee that the cause was tried without an issue, for the reason that the answer of appellant is not shown to have been made a part of the record by an order-book entry.

In *Gilbert* v. *Hall*, 115 Ind. 549, Judge MITCHELL says: "Where proceedings or motions are required to be taken or made in a cause during its progress in term time, such motion and proceedings must be presented to the court, and its attention called thereto, and not merely filed in the clerk's office."

There are many cases in which it has been held that when a defendant pleads an affirmative answer, and the trial is entered upon and proceeded with, without a reply, his answer will be deemed to be denied; but, so far as our investigation has extended, we have not found any case where the doctrine has been applied on failure to answer the complaint. If this principle, however, was applicable, and the case should be treated as though an answer of general denial had been filed, the appellant would not have been entitled to prove the nonexecution of the note under a general denial.

Conceding that the transcript of the record before us does not show the filing of appellant's answer, yet in view of the fact that throughout the proceedings and trial the answer of *non est factum* was treated and considered by the parties, and also the court, as a part of the record, we will so regard it on this appeal. *Earnhart* v. *Robertson*, 10 Ind. 8.

It is agreed by counsel that the addition of names to a promissory note after the same has been signed and delivered by the maker of the note, without his knowledge or consent, will discharge him from liability on the note. *Bowers, Admr.,* v. *Briggs*, 20 Ind. 139.

It is further agreed that the special finding of the jury, eliminating the contradictory statements therein, contains no finding of fact as to whether the appellant did or did not consent to, or authorize, the alteration of this note.

The question is, upon whom, then, rested the burden of proof? If the appellant was required to show that the additional signatures to the note were made without consent, judgment was rightfully entered against him. If, upon the contrary, after a material alteration was made in the note, sufficient to render it voidable, the burden of the proof was upon the appellee claiming under it, to

explain this alteration, then the facts found were not sufficient in law to authorize this judgment (unless the facts show such ratification as binds appellant), because the alteration in this respect is wholly unexplained.

The authorities on this proposition, as we understand them, sustain appellant's position.

In *Eckert* v. *Louis*, 84 Ind. 99, Judge Howk says: "When once it appeared that the notes in suit were altered after their execution, the presumption arose, and would continue until the contrary was shown, that the alteration was made by the appellees." *Bowman* v. *Mitchell*, 79 Ind. 84; *Brooks* v. *Allen*, 62 Ind. 401.

It is true the burden of proof as to the alteration rested on the appellant. *Meikel* v. *State Savings Institution of Chicago*, 36 Ind. 355; *Insurance Co. of North America* v. *Brim*, 111 Ind. 281.

But when appellant established the fact that after he had signed and delivered the note to appellee, the appellee, through his son, and in the absence of appellant, procured the other signatures to the note, it was incumbent on the holder of the note to show that such material alteration was made with the knowledge and consent of appellant.

The remaining question is, do the facts found by the jury establish a ratification of the note by appellant?

It is found in the verdict, that appellant, after the maturity of the note, and before the commencement of the suit, with full knowledge of the fact that the names of his sons had been subscribed as makers to the note, promised to pay the same.

In this case, appellant had borrowed the money of appellee, for which he executed the note in suit. The note was afterwards changed in the material respect indicated, but the appellant owes the debt. The note, it is true,

can not be enforced against him, unless he affirms and ratifies the change which was made after he signed it.

Did his direct and express promise which he made to the holder of the note constitute such ratification?

As applicable to the case in hand, we adopt the following: "With some exceptions, not necessary to be adverted to here, the general proposition is, however, undoubtedly correct, that he who may authorize in the beginning, may ratify in the end." *First Nat'l Bank* v. *Gay*, 63 Mo. 33, 21 Am. Rep. 430. See, also, *Negley* v. *Lindsay*, 67 Pa. St. 217, 5 Am. Rep. 427; *Catlett* v. *Trustees of M. E. Church*, 62 Ind. 365; *Love* v. *Wells*, 25 Ind. 503; *Heady* v. *Boden*, 4 Ind. App. 475.

It is well settled as a general rule, that void contracts can not be ratified; and that the addition of another name as maker to a note, by the payee or holder, after its delivery and execution by the maker, renders it void: but if the maker consents to such change, the obligation continues binding. Therefore, may he not, under the circumstances of this case, ratify and confirm such change?

It should be borne in mind that appellant received and retained the consideration mentioned in the note; that his name was not forged; that he signed the note. Further, the promise to pay in this case was not made for the purpose of concealing any crime or suppressing a prosecution.

The reasoning of Judge MITCHELL, in *Henry* v. *Heeb*, 114 Ind. 275, it seems to us, enunciates the correct principles applicable to such cases.

In this case, it does not appear that there was any purpose to commit a crime, and public policy does not, in our opinion, forbid the adoption or ratification of the change, by appellant; nor can it be said to be without consider-

ation, in view of the fact that appellant has and retains the borrowed money.

It appears to us, that the cause has been fairly tried and determined in the court below.   Section 658, R. S. 1881.

Judgment affirmed, at costs of appellant.

Filed Sept. 29, 1893.

### On Petition for a Rehearing.

Davis, C. J.—On petition for rehearing, counsel for appellant insist that "the defense of ratification is never available without a plea;" and that no question of ratification is properly in the record, because it is not within the issues.

On the original hearing, counsel for appellee contended "that the facts found by the jury show a complete ratification," etc., and counsel for appellant devoted five or six pages of typewritten argument in support of the proposition that "the learned court below predicated its judgment largely on what he deemed to be a ratification of the instrument after its alteration," which appellant endeavored to demonstrate was wrong, on the ground that "the finding of facts contains nothing which, in our judgment, would operate in law as a ratification of the instrument."

There was no suggestion or intimation that such facts were not within the issues, but the sole contention of counsel in their lengthy argument on this branch of the case was that the facts found by the jury were not sufficient to establish such ratification.

The question having been fully and fairly discussed and considered on this theory, the court is not required, on petition for rehearing, to examine the record to determine whether such fact was properly within the issues.   It is the policy of the law to require parties to

Emerson, Sr., *v.* Opp *et al.*

present all questions in the briefs originally filed, and not to permit new points to be made on petition for rehearing. Elliott's App. Proced., section 557.

The rule of the Supreme Court has long been that new questions in a petition for rehearing will not be considered when they are such as might have been presented on the original hearing. *Johnson* v. *Jones, Admr.*, 79 Ind. 141 (150); *Graeter* v. *Williams*, 55 Ind. 461 (469).

The rule is well settled that an appellate court will not go beyond the brief of appellant to search the record for reasons or errors that have not been pointed out, on which to reverse the judgment of the trial court; but the appellee, without filing any brief, is entitled to the benefit of everything in the record which may prevent a reversal, and, as to him, it is the duty of the court to search the record. The presumption is that there is no error in the proceedings in the trial court, and the burden rests on appellant to show such error as is assigned by him. Therefore, the silence of appellant on any point is construed as a waiver of such point, but this rule does not apply to appellee. The better practice, however, is for appellee to brief his case, because the court might otherwise overlook that which would, if considered, prevent a reversal, and if his cause should not be so presented, the appellee could not, as a rule, obtain a rehearing on account of such oversight of the court. *Martin, Sr.*, v. *Martin*, 74 Ind. 207 (210).

A reëxamination of the questions presented on the original hearing strengthens us in our conclusion that the result we then reached is correct.

Petition for rehearing overruled.

Filed April 3, 1894.