## GRAHAM *v.* NOWLIN.

PRACTICE.—*Supreme Court.*—*Law of the Case.*—Where, on the trial of a cause in the circuit court, a certain theory of law is, with the consent of both parties, acted upon as governing such cause, the supreme court, on appeal, will apply the same theory, as the law of the case, in the examination of the matters presented by the record.

REPLEVIN.—*Sale of Chattels.*—*Warranty.*—*Breach.*—*Evidence.*—Where, on the exchange of one chattel for another, the owner of the one warrants its soundness, as part of the contract, and the other, alleging breach of such warranty, tenders back what he received, demands the return of what he parted with, and on refusal replevies the same, on the trial of such cause, on the assumption by both parties that such action can be maintained for such breach, evidence may be admitted tending to prove the warrantor's knowledge of the alleged defect at the time he made such warranty.

SAME.—*Instructions to Jury.*—*False Representations.*—On the trial of such cause, it was not error for the court to instruct the jury that the plaintiff's evidence was intended to show such sale to have been void, because, at the time of making it, the defendant, knowing the property to be unsound, falsely and fraudulently warranted it to be sound; and because the defendant, not knowing it to be true, represented to be true, that which was false; upon which warranty and representation the plaintiff had a right to and did rely. Such instruction not assuming facts to have been proved.

PRACTICE.—*Instructions to Jury.*—Where the substance of instructions asked and refused is embraced in others given to the jury, such refusal is not error.

From the Dearborn Circuit Court.

*N. S. Givan* and *J. Schwartz,* for appellant.

*F. Adkinson, W. H. Bainbridge* and *G. M. Roberts,* for appellee.

PERKINS, J.—We copy the statement of this case from appellant's brief as follows :

" This was an action of replevin for the recovery of a horse, commenced before a justice of the peace, by the appellee, against the appellant.

" On appeal from the justice, upon a trial in the circuit court before a jury, the appellee again had a verdict and judgment. The appellant moved the court for a new trial, which was overruled and he excepted. The evidence is in the record.

" The controversy grew out of a trade between the parties. The appellee traded to the appellant the horse replevied for a mule and twenty dollars. Appellee claimed that the mule was glandered at the time of the trade, and that the appellee knew it, but falsely represented and warranted the mule to be sound; that upon the appellee's ascertaining the unsoundness of the mule," he went, to appellant and offered to give back the mule and money, but the latter declined to receive them. Appellee demanded his horse. The next day the mule died. On the Monday after, appellee tendered back the twenty dollars and again demanded the horse, which appellant refused to return, and appellee commenced this suit.

" The appellant claims that the appellee first offered to trade, that the mule was sick at the time, that appellee saw and knew it, that appellant made no false representations about the condition of the mule, and that if the mule was glandered, he had no knowledge of it. Such was the issue between the parties."

The only alleged error assigned in this court is, that the court below erred in overruling the motion for a new trial. The grounds of that motion were these:

1.   The verdict was not supported by the evidence.

2.   The admission of illegal evidence.

3.   The giving and refusing to give instructions.

This case was tried in the circuit court upon the theory, conceded by both parties to be correct, that if the appel-

lant warranted the mule to be sound, and there was a breach of the warranty, or if he fraudulently represented the mule to be sound when it was not, the appellee, having tendered back the mule and the money which he received for the horse, could maintain replevin for the horse.

On this theory of the law of the case, which this court must act upon in deciding it, (the case having been tried upon it below with the concurrence of both parties,) it is perfectly clear that the verdict below was sustained by the evidence. But if a portion of that evidence was illegally admitted, it may have vitiated the verdict. Such is not the fact. It was within the issues upon which this cause was tried, for the appellee, the plaintiff below, to prove that the appellant, the defendant below, knew that the mule he traded to the appellee had the glanders. The evidence, which it is claimed was illegally admitted, tended to prove that the mule had been exposed to that disease, as appellant well knew; and further, that some of appellant's horses had had the glanders and died of the disease, on his own farm, under his own observation, whereby he had acquired a knowledge of the symptoms, and progress to a fatal termination, of that disease. Now, when the appellant traded the mule, the animal was sick with the glanders, but he represented to the appellee that what ailed the mule was want of food; that he had been starved, etc., giving some plausible reasons why his sickness was nothing serious, and would be, probably, only temporary. The evidence objected to tended to show that the appellant was concealing the truth about the matter and making false representations.

We think the court did not err in refusing the instructions asked by the appellant for the reason that they were all substantially embraced by the instructions given by the court. The following instruction was excepted to on the ground that it assumed facts to be proved.

"Testimony has been introduced tending to show that, prior to the bringing of this action, the plaintiff and de-

fendant traded and exchanged animals, the plaintiff delivering to defendant a horse, and defendant delivering to plaintiff a mule, and twenty dollars, as the difference between the two. The plaintiff, to maintain his action, has introduced testimony intended to show that said exchange or sale was and is void;

"1. Because defendant falsely and fraudulently warranted the said mule to be sound, knowing that it was unsound, upon which representation the plaintiff had a right to and did rely.

"2. Because the defendant represented, as an affirmative fact upon which the plaintiff relied, that said mule was sound without knowing that such representation was true; when in truth and in fact such representation was false and untrue; wherefore plaintiff seeks to avoid or rescind the contract of sale and recover the possession of the horse delivered by him to defendant."

We do not think the objection well taken. See, as bearing upon the questions in this case, *Hull* v. *Kirkpatrick*, 4 Ind. 637; *Krewson* v. *Cloud*, 45 Ind. 273; *Rose* v. *Hurley*, 39 Ind. 77; *Lewis* v. *Masters*, 8 Blackf. 244.

The judgment is affirmed, with costs.