No. 14,306.

## HALL v. HEDRICK.

EASEMENT.—*Right of Way.—Derivation of Title To.—Need not be Averred.— Complaint.*—In an action to enjoin the defendant from obstructing and closing up a right of way, which the plaintiff claimed over and across the lands of the defendant, it is not necessary to allege in the complaint the particular manner in which the plaintiff derived title to the right of way. The averment in the complaint that he is the owner of a certain tract of real estate, and also of an easement and right of way across the land of the defendant (describing it), is a sufficient allegation of ownership to withstand a demurrer.

SAME.—*Non-Revocable License.—Parol Evidence to Establish.—Admissibility of.*—Under the allegations of a complaint averring broadly a right of way over and across the lands of the defendant, it is competent to prove a parol non-revocable license to pass over the said land.

SAME.—*New Trial as of Right.*—An action to enjoin the closing up of a right of way, and for damages, is not an action to recover land, and the defeated party is not entitled to a new trial as a matter of right.

PRACTICE.—*Cross-Complaint.—Sustaining Demurrer to.— When Harmless Error.*—It is harmless error to sustain a demurrer to a cross-complaint when all the averments of the cross-complaint can be proved under an answer of general denial on file.

From the Brown Circuit Court.

*W. C. Duncan* and *N. H. Franklin*, for appellant.

*R. L. Coffey*, for appellee.

OLDS, J.—This was an action brought by the appellee against the appellant to enjoin the appellant from obstructing and closing up a right of way which appellee claimed over and across the lands of the appellant, and for damages. Issues were joined and a trial had, resulting in a finding and judgment for appellee.

Appellant assigns and discusses four alleged errors:

*First.* The overruling of appellant's demurrer to the complaint.

*Second.* Sustaining appellee's demurrer to the first paragraph of appellant's cross-complaint.

*Third.* Overruling appellant's motion for a new trial for cause.

*Fourth.* Overruling appellant's motion for a new trial as of right.

The complaint is in the usual form. It alleges the appellee's ownership of a certain tract of real estate, describing it, with the appurtenances, and that by reason thereof he ought to have had and still of right ought to have, and that he has and does own a certain way from the said real estate, so owned by him, unto, into, through and over a certain piece or parcel of land (describing the land), unto and into a certain public highway near the western boundary of said tract of land, fully describing appellee's right to the use of the same, and averring that appellant had obstructed the same, and alleging that said way is appendant and appurtenant to the said real estate of the appellee, and describing the location and width of the way. The prayer asks that the appellee's right to said way be declared, and appellant be perpetually enjoined from closing the same up or interfering with appellee's free use of the same, and for damages sustained by reason of the obstruction.

The objection made to the complaint, by counsel for the appellant, is that a private way is an easement in land which can only arise in certain ways, or methods, and that the complaint must allege facts showing that the appellee derived such right of way by some one of the methods in which such ways may be created. In other words, it is contended that the complaint is bad because it does not set out the particular manner in which the appellee derived title to the right of way in question, and to establish such contention counsel argue ably and at length that ways of this character can only be established in one of four methods, and, hence, it is contended that the complaint must allege facts showing that the appellee derives his title by one of these methods; that it is not sufficient to allege title generally, without showing the manner in which it is derived. Counsel do not cite us to

any authority requiring such particularity in pleading in this class of cases, and we know of no rule requiring it.

The complaint alleges that the appellee is the owner of a certain tract of real estate, and also an easement and right of way across the land of the appellant (describing it), and this was a sufficient allegation of ownership to withstand a demurrer.

The appellant answered the complaint of the appellee by general denial. He also filed a cross-complaint, in the first paragraph of which he alleges that he is the owner in fee simple, and in possession of the parcel of real estate (describing it) which the appellee claimed the right of way across, and alleged that the appellee wrongfully, and without right, asserted title to and an interest in the same adverse to the appellant in this, that the appellee is claiming, by his complaint in this case, an easement and right of way in and over said real estate of the length of 250 yards, and of the width of 20 feet; that appellee's claim was without right, and cast a cloud upon appellant's title, to his damage of $250. Prayer for judgment for $250 damages, and for a decree quieting appellant's title.

To this paragraph of cross-complaint appellee demurred, and the court sustained the demurrer, and appellant excepted.

It is not necessary to determine whether or not in the ruling on this demurrer the court erred, for if it was an error it was a harmless one.

It will be seen that the only title to or interest in the real estate alleged in the cross-complaint to be owned by the appellant which the appellee claims in his complaint, is a right of way across the same, and the only claim it is alleged in the cross-complaint that appellee is making to the land, is the claim he is making in his complaint of a right of way across the same. So that the issue sought to be joined by the cross-complaint was the identical issue formed on the complaint.

The only claim appellee makes is that he owns a right of way across the appellant's land, and that right is denied by the appellant in his answer. The only averments in the cross-complaint are that appellant is the owner of the tract of land in fee simple, and that appellee is claiming by his complaint that he owns a right of way across it, and that right is denied. The only controversy is over the right of way.

Under the issue joined by appellant's denial to the complaint the same evidence could be introduced as under the issue joined on the cross-complaint, and the rights of the parties as completely investigated and determined as under an issue joined on the cross-complaint. As the cause proceeded to trial and final judgment on the issue joined on the complaint, the appellant is not harmed by the ruling. He had the right and an opportunity of introducing all the evidence under the issue joined that he could have introduced under his cross-complaint. The ruling, if erroneous, certainly did no harm to the appellant, and this court will not reverse a case where the error was harmless. *Butt* v. *Butt*, 118 Ind. 31; *Luntz* v. *Greve*, 102 Ind. 173.

The next alleged error is the ruling of the court on the motion for a new trial for cause.

It is first contended that the finding of the court is not sustained by the evidence, for the reason that the evidence does not establish a right of way of the kind claimed in the complaint.

We have examined the evidence, and find there is some evidence tending to support the finding, and this court will not weigh the evidence.

It is further contended that the court erred in admitting the testimony of certain witnesses to prove a parol non-revocable license to pass over defendant's land. We do not think there was any error in admitting this testimony. The allegations in the complaint were broad enough to admit of such proof, and the court committed no error in overruling the motion.

Lastly, it is contended that appellant was entitled to a new trial as a matter of right under the statute; but this court has decided the question adversely to the contention of the appellant. *Larrimore* v. *Williams,* 30 Ind. 18. In that case it is held, and we think properly, that such a suit is not an action to recover land, but to recover damages for obstructing an alleged easement, and we may add in this case, injunctive relief is asked against the future obstruction of the same.

There is no error in the record.

Judgment affirmed, with costs.

Filed Oct. 9, 1890.