## CROUCH ET AL. *v.* LEWIS ET AL.

[No. 7,313.   Filed October 11, 1911.]

1. PLEADING.—*Motions to Strike Out.—Redundant Matter.*—It is not erroneous to sustain a motion to strike from a pleading redundant, immaterial, or irrelevant matter.  p. 466.

2. SET-OFF AND COUNTERCLAIM.—*Motion to Strike Out.—Partners. —Surplusage.*—In a counterclaim by defendant against plaintiffs, it is not erroneous to sustain a motion to strike therefrom allegations that the plaintiffs had been partners for many years and that defendant had been for many years in the general contracting business, where it is not alleged that plaintiffs entered into the contract in question as partners, such allegations being mere surplusage.  p. 467.

3. SET-OFF AND COUNTERCLAIM.—*Redundancies.—Striking Out.*—It is harmless to strike from a counterclaim certain allegations, not improper in themselves, where substantially similar ones are left therein.  pp. 467, 468, 469.

4. SET-OFF AND COUNTERCLAIM.—*Sufficiency.*—A counterclaim to be good must contain the averments necessary to a complaint for the same cause.  p. 467.

5. CONTRACTS.—*Performance.—Complaint.*—A complaint for the breach of a contract must allege that the plaintiff has performed all the conditions thereof on his part, or show an excuse for his failure so to perform.  p. 467.

6. CONTRACTS.— *Breach.— Answer.— Counterclaim.— Issues.*— Sustaining a motion to strike from a counterclaim an allegation that defendant had performed all the conditions of said contract on his part is erroneous, though harmless, where a paragraph of answer contained such allegation, and where the counterclaim was held sufficient on demurrer, the presumption being, where the evidence is not in the record, that evidence of such performance was not introduced, as, under the issues, it might have been.  p. 467.

7. SET-OFF AND COUNTERCLAIM.—*Negativing Defenses.—Striking Out.*—It is not erroneous to sustain a motion to strike from a counterclaim allegations negativing a defense thereto.  p. 468.

8. APPEAL.—*Briefs.—Waiver.*—Alleged errors not discussed are waived.  p. 469.

9. CONTRACTS.—*Breach.*—*Damages.*—*Anticipation of.*—A party who violates his contract is liable for such damages as proximately flow therefrom, if such damages could reasonably have been anticipated. p. 469.

From Hancock Circuit Court; *Robert L. Mason,* Judge.

Action by John E. Lewis and others against Larkin W. Crouch and others. From a judgment for plaintiffs, defendants appeal. *Affirmed.*

*Felt & Binford,* for appellants.

*John F. Wiggins* and *Cook & Cook,* for appellee.

IBACH, J.—This action was brought by appellees, to enforce an alleged liability for unpaid money on a building contract and bond executed by appellant Larkin W. Crouch, as principal, and appellants Jesse P. Cook and John H. Haskell, as sureties. Appellant Crouch had entered into a contract with the trustees of Delaware school township of Hamilton county, for the erection of a schoolhouse in said township, and had sublet to appellees a portion of the work to be done in erecting said schoolhouse. Appellees recovered judgment in the court below.

The errors relied on in the appeal arise on the ruling of the trial court on the motion of appellees, containing fourteen separate specifications, to strike out certain parts from the third paragraph of answer or counterclaim of appellant Crouch, in which he seeks to recover a judgment against appellees for nonperformance on their part of the same contract which they sued on. This motion was overruled as to specifications five, ten and twelve, but was sustained as to the remaining eleven specifications.

1. It is settled that there is no error in sustaining a motion to strike out, where the part of the pleading objected to by the motion is redundant, immaterial or irrelevant. Elliott, App. Proc. §639, and cases cited.

Specification one, stricken out, was an allegation that plaintiffs had been partners continuously for more than two years, and that defendant Crouch had been engaged for

many years in the general contracting business. This allegation was immaterial and mere surplusage, for it was nowhere alleged in the counterclaim that plaintiffs entered into the contract as partners, and the words embraced in this specification are mere *descriptio personae*.

Specification two was an allegation that defendant Crouch was held responsible for the work and action of a subcontractor. While this was not an improper allegation, the fact alleged appears sufficiently from the other facts pleaded in the counterclaim, and which were not stricken out, so that the striking out of this allegation was harmless.

The language stricken out because of specification three of the motion was an allegation that said defendant had fully performed his part of the contract.

A counterclaim to be good must contain all the essential averments of a complaint. *Wabash Valley, etc., Union* v. *James* (1893), 8 Ind. App. 449; *Blaney* v. *Postal* (1894), 10 Ind. App. 131; *Stoner* v. *Swift* (1905), 164 Ind. 652.

An action on a contract for a breach thereof must allege, as to conditions precedent, that a party seeking to enforce said contract has complied with all the conditions thereof, or must show a proper excuse for not doing so. *Mondamin, etc., Dairy Co.* v. *Brudi* (1904), 163 Ind. 642; *Collins* v. *Amiss* (1903), 159 Ind. 593; *Stoner* v. *Swift, supra; Magic Packing Co.* v. *Stone-Ordean, etc., Co.* (1902), 158 Ind. 538, and cases cited. Such being the well-settled principles of law, it was error for the court to strike from the counterclaim the language of specification three, as the facts contained therein were not elsewhere alleged in the counterclaim. But it appears from the record that in his second paragraph of answer said defendant had averred full performance on his part of all the obligations by him to be performed under the allegations of the complaint, which averment is even more inclusive

than the allegation stricken from the counterclaim. The court below held the counterclaim good on demurrer, after the allegation in question was stricken out. As the answer contains in substance the same averment, the question of said defendant's performance became a part of the issues adjudicated at the trial. Since the evidence is not in the record, this court will presume that there was no evidence on this point as under the issues there might have been, and that this error did not harm appellant. *Clause Printing Press Co.* v. *Chicago, etc., Sav. Bank* (1896), 145 Ind. 682; *Anglemyer* v. *Blackburn* (1896), 16 Ind. App. 352.

It can be said of the allegations of the following specifications—namely, (4) concerning the time plaintiffs worked after the time stipulated by their contract for the completion of the work; (7) as to plaintiffs' failure to have a sufficient force of workmen on the building to be able to complete it on time; (11) as to the loss occasioned by the hiring, by Crouch, of an extra carpenter, who was paid for time when he did not work, and as to the value of certain services rendered by such carpenter and by said defendant's foreman; and (13) alleging that the work done after the time stipulated for completion was made more expensive by cold weather—that they are sufficiently averred elsewhere in the counterclaim, and that the words stricken out add nothing to its force. The allegation of specification six—that defendant Crouch sublet to subcontractors the different parts of the construction of the building, except the carpenter work, which he did himself—is superfluous, since such of the facts alleged as are relevant appear elsewhere in the pleading.

Specification eight, which alleges that plaintiffs were not prevented by fire, or by circumstances over which they had no control, from completing their part of the work on time, in addition to setting up matter which appears elsewhere, negatives a defense, and for that reason is superfluous. *Pine Civil Tp.* v. *Huber Mfg. Co.*

(1882), 83 Ind. 121. Appellant has waived the error assigned in the striking out of the language of specification nine, by failure to discuss it.

Specification fourteen alleges that plaintiffs knew at the time they entered into the contract that failure on their part to complete their portion of the work within the time stipulated would damage defendant Crouch. This fact substantially appears from other allegations; but such allegation is unnecessary, for one is liable on breach of contract for such damages as are the proximate result of his failure to perform, if such damages could reasonably be foreseen, regardless of whether he actually knew that such damages would ensue. 8 Am. and Eng. Ency. Law (2d ed.) 561.

All the issues that the counterclaim was intended to present were presented at the trial after the striking out of the different portions that are assigned as error, and as we find no error shown by the record that we believe prejudicial to appellant, the judgment is affirmed.

Felt, J., not participating.