THE HORACE F. WOOD TRANSFER COMPANY v.
SHELTON ET AL.

[No. 21,922.   Filed May 9, 1913.   Rehearing denied October 15, 1913.]

1. PLEADING.—Complaint.—Testing Sufficiency of Particular Paragraph.—The only method of testing the sufficiency of any particular paragraph in a complaint is by demurrer.  p. 276.

2. PLEADING.— Complaint.— Sufficiency.— Initial Attack on Appeal.—When the sufficiency of a complaint is first questioned on appeal, the assignment must be predicated on the complaint as an entirety, and if any paragraph is good the assignment must fail.  p. 276.

3. NEGLIGENCE.— Complaint.— Sufficiency.— Initial Attack on Appeal.—A paragraph of complaint in a negligence case averring facts showing the collision complained of and the damage to plaintiff resulting therefrom, and charging that the accident was caused by defendant's negligence without contributory negligence on the part of plaintiff, is sufficient to bar another action for the same cause and, as against attack made for the first time on appeal, all defects that might have been obviated by evidence on the trial are deemed to have been cured by the verdict.  p. 276.

4. NEGLIGENCE.—Action.—Contributory Negligence.—Issues.—Evidence.—Violation of City Ordinance.—In an action for damages

on account of a collision by defendant's taxicab with plaintiff's horse and carriage, evidence of the violation of a city ordinance relative to driving on streets was admissible under the general denial on the question of contributory negligence. p. 277.

5. . APPEAL.—*Review.—Harmless Error.—Striking Out Cross-Complaint.*—Where the issues raised by the cross-complaint were determined against defendant in the main action, error, if any, in striking out such cross-complaint was harmless. p. 277.

6. APPEAL.—*Review.—Verdict.—Conclusiveness.*—A verdict on conflicting evidence will not be disturbed on appeal when there is competent evidence to support it. p. 278.

7. EVIDENCE.—*Opinion Evidence.—Qualification of Witness.*—In an action for damage to a carriage resulting from a collision, a witness who had previously testified that he was familiar with the value of carriages such as the one which was damaged, that he understood their construction and cost, and that he was particularly familiar with the condition of plaintiff's carriage both before and after the accident, was sufficiently qualified to express an opinion as to its value after the collision. p. 278.

8. EVIDENCE.—*Opinion Evidence.—Competency.—Weight and Sufficiency.*—The opinion of a nonexpert witness is competent if he has stated any material facts to warrant the inference that he has sufficient knowledge to form an opinion, while the value of such opinion is for the jury to determine from the facts on which it rests. p. 278.

9. DAMAGES.—*Admission of Evidence.—Loss of Profits.*—In an action for damages to plaintiff's horse and carriage from a collision, statements as to the loss sustained by being deprived of the use of the horse and carriage for a certain time, that at the time of the accident the team was earning from five to seven dollars per day, and that plaintiff lost about $250 by being deprived of its use, were not objectionable as statements of speculative profits, but were statements tending to show probable profits, and were admissible in evidence, not as the measure of damages, but to aid the jury in estimating damages. p. 278.

10. APPEAL.—*Review.—Theory at Trial.—Instructions.*—A party is restricted on appeal to the theory adopted at the trial, so that where an ordinance of a city was read in evidence on the assumption that it was a valid enactment, its validity cannot be questioned for the first time on appeal. p. 279.

11. NEGLIGENCE. — *Damages. — Instructions.* — Instructions, in an action for damages resulting from a collision, which told the jury that before plaintiff could recover he must establish by a fair preponderance of the evidence that defendant's negligence was the proximate cause of the collision, that plaintiff was

damaged thereby and that he was himself without fault, correctly stated the law. p. 280.

12. DAMAGES.—*Instructions.*—*Future Loss.*—In an action for damages to plaintiffs' horse and carriage in a collison with defendant's taxicab, an instruction that if the jury found for plaintiffs it could consider whether plaintiffs were deprived of the use of their horse and carriage for any period of time as a result of such collision, and the reasonable value for the use of such horse and carriage during such time, all as shown by the evidence, was not objectionable on the ground that it permitted the assessment of damages for such speculative loss as might accrue in the future by reason of the lessened value of such horse and carriage. p. 280.

13. NEW TRIAL.—*Grounds.*—*Surprise.*—It is the duty of one surprised by the testimony of a witness to promptly move for a suspension or postponement of the trial, or to set aside the submission of the cause, and, if he does not do so, he will be required to show a strong and very clear case before a new trial will be granted on the ground of surprise. p. 281.

14. NEW TRIAL.—*Grounds.*—*Surprise.*—A mere offer to impeach the testimony of a witness by producing "three witnesses, more or less," who will testify that the reputation of such witness for truth was bad, is not sufficient to require the granting of a new trial on the ground that the applicant therefor was surprised by the testimony of such witness. p. 281.

From Superior Court of Marion County (81,569) ; *Charles J. Orbison,* Judge.

Action by James Shelton and another against The Horace F. Wood Transfer Company. From a judgment for plaintiffs, the defendant appeals. *Affirmed.*

*Rucker & Rocap, Headrick & Ruick* and *J. F. Damman, Jr.,* for appellant.

*John W. Kealing,* for appellees.

SPENCER, J.—Action by appellees to recover damages alleged to have been sustained by reason of the collision of a taxicab owned and operated by appellant with a team belonging to appellees. A trial by jury resulted in a verdict for appellees in the sum of $500. Appellant's motion for a new trial was overruled and this appeal taken. Appellant seeks to question the validity of a certain ordinance of the city of Indianapolis.

The first and second assignments of error challenge separately for the first time on appeal, for want of facts, the sufficiency of each paragraph of appellees' complaint. If a defendant seeks to test the sufficiency of any particular paragraph in a complaint, he must do so by demurrer. When the sufficiency of the pleading is first questioned on appeal, such assignment must be predicated on the complaint as an entirety, and if any paragraph is good, the assignment must fail. *Louisville, etc., R. Co.* v. *Corps* (1890), 124 Ind. 427, 24 N. E. 1046, 8 L. R. A. 636; *Ashton* v. *Shepherd* (1889), 120 Ind. 69, 22 N. E. 98; *Louisville, etc., R. Co.* v. *Ader* (1887), 110 Ind. 376, 11 N. E. 437; *Ludlow* v. *Ludlow* (1886), 109 Ind. 199, 9 N. E. 769; *Johnston Glass Co.* v. *Lucas* (1905), 34 Ind. App. 418, 72 N. E. 1102.

The first paragraph of appellees' complaint avers facts showing the collision complained of and the damage to appellees resulting therefrom. It then charges that the accident was the result of appellant's negligence and negatives contributory negligence on the part of appellees. This is sufficient to bar another action for the same cause, and since the pleading is tested for the first time on appeal, the verdict must be held to have cured such defects as might have been obviated by the evidence on the trial. *Scott* v. *Collier* (1906), 166 Ind. 644, 78 N. E. 184; *Scudder* v. *Jones* (1893), 134 Ind. 547, 32 N. E. 221; *Burkhart* v. *Gladish* (1889), 123 Ind. 337, 24 N. E. 118; *Orton* v. *Tilden* (1886), 110 Ind. 131, 10 N. E. 936.

It is next urged that the trial court erred in sustaining appellees' motion to strike out the first and second paragraphs of appellant's cross-complaint. In this pleading appellant sought to recover damages for the injury to its taxicab sustained in the collision with appellees' team and, after setting up substantially the same facts as are contained in appellees' complaint, proceeds on the theory that the accident was caused by the negligence of appellees'

driver and that appellant was without fault. It then charges that at the time of the collision said driver was violating certain ordinances of the city of Indianapolis which required him to drive on the right hand side of the street and to have lamps burning on his carriage, the accident occurring after dark. While it is true that no pleading in the case attempted to set up the municipal ordinances referred to, yet evidence tending to show the violation of the same was admissible under the general denial as establishing contributory negligence on the part of appellees' driver. This issue, and each of the other issues which appellant sought to present by its cross-complaint, were adjudicated in the main action and the finding of the jury thereon was against the appellant in each instance. The error, if any, in sustaining the motion to strike out the cross-complaint was therefore harmless. *Clause Printing Press Co.* v. *Chicago, etc., Sav. Bank* (1896), 145 Ind. 682, 695, 44 N. E. 256; *Hall* v. *Hedrick* (1890), 125 Ind. 326, 328, 25 N. E. 350; *Crouch* v. *Lewis* (1911), 48 Ind. App. 465, 467, 95 N. E. 1119.

It is next insisted that the lower court erred in overruling appellant's motion for a new trial, the first ground of which motion is that the verdict of the jury is not sustained by sufficient evidence. The accident occurred at the intersection of Massachusetts avenue and New Jersey street in the city of Indianapolis. Appellant insists that appellees' driver was guilty of contributory negligence as a matter of law in that he was driving on the left hand side of New Jersey street at the time of the accident and further that he was violating an ordinance of said city which required him to slacken the speed of his horses when turning a street corner. There is a sharp dispute in the evidence on these and several other material issues but witness, Britton, appellees' driver, testified that he was on the right hand side of New Jersey street at its intersection with Massachusetts avenue when struck by appellant's automobile and that he

slackened the speed of his team as he turned north from Massachusetts avenue into New Jersey street. It is a familiar and well-settled rule that a verdict on conflicting evidence will not be disturbed on appeal when there is competent evidence to support it.

A further ground of the motion for a new trial is that the trial court erred in permitting appellees' witness, Britton, to testify as to the value of the carriage after the collision. The witness had previously testified that he was familiar with the value of carriages such as the one which was damaged; that he understood their construction and cost, and that he was particularly familiar with the condition of appellees' carriage, both before and after the accident. This was sufficient to qualify him to express an opinion as to its value after the collision. As was said in *Goodwin* v. *State* (1884), 96 Ind. 550, 558: ''The value of an opinion expressed by a non-expert witness depends upon the facts on which it rests, but its competency is not measured by this standard, for an opinion of little value may nevertheless be competent. If any material facts at all are stated by the witness warranting the inference that he has sufficient knowledge to form an opinion, it is the duty of the court to permit it to go to the jury for whatever it may be worth.'' See, also, *Chicago, etc., R. Co.* v. *Brown* (1901), 157 Ind. 544, 547, 60 N. E. 346; *Johnson* v. *Culver* (1888), 116 Ind. 278, 289, 19 N. E. 129; *City of Terre Haute* v. *Hudnut* (1887), 112 Ind. 542, 550, 13 N. E. 686.

Complaint is next made of the admission in evidence of certain statements by appellee Willis as to the length of time he and his partner, appellee Shelton, were deprived of the use of the carriage which was damaged and the loss sustained by reason thereof. The witness stated that they were deprived of the use of the carriage about two months; that during that time they had daily use for the team in their business, that of funeral direc-

tors and carriage transfer, and were obliged to hire another team to replace the one damaged; that the team was bringing in from five to seven dollars a day at the time of the accident, and that appellees lost about $250 by being deprived of its use. The admission of this evidence is not open to appellant's objection that it sought to set up speculative profits which might have been derived from the use of the injured vehicle. The statements of the witness tended to show probable profits which might have been received and they were admissible in evidence, not as the measure of damages, but to aid the jury in estimating damages. *Jackson* v. *Stanfield* (1893), 137 Ind. 592, 621, 36 N. E. 345, 37 N. E. 14, 23 L. R. A. 588; *City of Terre Haute* v. *Hudnut, supra; Niagara Fire Ins. Co.* v. *Greene* (1881), 77 Ind. 590, 594; *Frenzel* v. *Miller* (1871), 37 Ind. 1, 7, 10 Am. Rep. 62.

In attacking instructions Nos. 7, 9, 13 and 14 given by the court on its own motion, appellant seeks to question the validity of an ordinance of the city of Indianapolis providing a speed limit for automobiles within a certain prescribed territory in said city. During the progress of the trial the attorney for appellees read in evidence the ordinance in question and asked "there is no question about the validity and force of this?" To which one of the attorneys for appellant, replied: "Oh, no." Later it was suggested that a subsequent attack might be made on the ordinance in case of appeal, to which the attorney stated: "That is an immaterial point. We will let it go just the way it is." It is a familiar rule that a party is restricted on appeal to the theory adopted at the trial and "When a theory is thus adopted, and acted upon below, with the concurrence of both parties, a judgment ought not be reversed because the court instructs the jury in accordance with it." *Carver* v. *Carver* (1884), 97 Ind. 497, 516; See, also, *Graham* v. *Nowlin* (1876), 54 Ind. 389.

Instruction No. 8, when fairly construed, is not open to

the objection urged that it directed a verdict for appellees if the jury should find that the collision actually occurred, with or without negligence on the part of appellant. The court, in this and other instructions, told the jury in substance that before appellees could recover damages from appellant they must establish by a fair preponderance of the evidence, (1) that the collision was proximately caused by negligence on the part of appellant, (2) that appellees were damaged by reason of such collision, and (3) that they themselves were without fault therein. This was a correct statement of the law.

In instruction No. 17 the court told the jury that in assessing damages, if it should find for the plaintiffs, it might consider "whether the plaintiffs were for any period of time deprived of the use of said horse and cab by reason of any injury sustained to said horse and cab in said collision and the reasonable value for the use of said cab and horse during said period of time, all as shown by the evidence in the cause." This instruction is manifestly not open to appellant's objection that it permitted the jury to assess damages for such speculative loss as might accrue in the future by reason of the lessened value of the injured horse and cab. Fairly interpreted, and especially when considered in the light of all the evidence given on the trial, this instruction simply told the jury that in determining the question of damages, if any, it might consider the reasonable value of the use of the cab and horse during the period necessary in which to repair the injuries caused by the collision. There was no evidence before the jury of any loss which was not past, certain and known at the time of trial, nor does the verdict indicate that the jury made other than fair compensation to appellees for the loss actually sustained by them. While it is true that appellees would not have been permitted to recover for speculative or remote damages which might be sustained by them, it is equally true that a judgment cannot be

reversed for ethereal and imaginary errors in the instructions given to the jury.

Finally, it is contended that a new trial should have been granted for the reason that appellant was surprised by certain testimony of appellees' witness, Britton. This assignment is unavailing. It is the duty of one surprised by the testimony of a witness to act promptly in the matter and move for a suspension or postponement of the trial or to set aside the submission of the cause. Where he neglects to do this and continues to the end of the trial without objection, he will be required to establish a strong and very clear case before a new trial will be granted. *Ellis* v. *City of Hammond* (1901), 157 Ind. 267, 270, 61 N. E. 565; *Louisville, etc., R. Co.* v. *Hendricks* (1891), 128 Ind. 462, 465, 28 N. E. 58, and cases there cited. Appellant did not take the necessary steps at the time of the alleged surprise and now offers to impeach Britton's testimony by producing "three witnesses, more or less, who will testify, that said Britton's reputation and character is now and at all times before the close of the trial of this cause, for truth and veracity was bad, in the neighborhood in which he lived." This is not sufficient to establish the clear and strong case necessary before a new trial will be granted on the ground of surprise.

The judgment in this cause is therefore affirmed.

Note.—Reported in 101 N. E. 718. See, also, under (1) 31 Cyc. 326; (2) 2 Cyc. 691; 31 Cyc. 329; (3) 31 Cyc. 770; (4) 29 Cyc. 585; (5) 3 Cyc. 385; 31 Cyc. 669; (6) 3 Cyc. 348; (7) 17 Cyc. 116; (8) 17 Cyc. 34; (9) 13 Cyc. 212; (10) 2 Cyc. 670; (11) 29 Cyc. 644, 651; (12) 13 Cyc. 243; (13) 29 Cyc. 878; (14) 29 Cyc. 880. As to loss of profits as element of damages, see 42 Am. Rep. 461; 60 Am. Rep. 488. As to doctrine of proximate cause, see 36 Am St. 807. As to the rights and duties of persons driving automobiles in highways, see 13 Ann. Cas. 463; 21 Ann. Cas. 648.