## THE AKRON MILLING COMPANY v. LEITER.

[No. 8,458. Filed December 18, 1914.]

1. APPEAL.—*Sufficiency of Complaint.*—*Assignment of Errors.*— Where the sufficiency of a complaint is attacked for the first time on appeal, the assignment of error must be predicated on the complaint as an entirety, and, if any paragraph is good, the assignment must fail; hence no question is presented by assignments questioning the sufficiency of each paragraph of a complaint separately. p. 399.

2. PLEADING.—*Complaint.*—*Sufficiency.*—*Initial Attack on Appeal.* —If a complaint states facts sufficient to bar another action for the same cause, it is sufficient as against an attack made for the first time on appeal. p. 399.

3. APPEAL.—*Assignment of Errors.*—*Waiver.*—*Briefs.*—No question is presented by assignment of error that is not urged in appellant's brief. p. 400.

4. APPEAL.—*Review.*—*Record.*—The court must assume, as against all claims or statements outside thereof that the record itself

speaks the truth, and will look to the entire record to ascertain the facts.   p. 401.

5.  APPEAL.—*Record.—Theory of Trial.—Invited Error.*—Although the record contains an entry of the withdrawal of a certain paragraph of complaint, there can be no reversal on the theory that the verdict, being based thereon, was not founded upon any pleading in the case, where it appears from the whole record that the defendant filed an answer to such paragraph, that the cause was tried upon the theory that such paragraph had never been withdrawn, and that defendant never attempted to correct the assumption, if erroneous, that the same had not been withdrawn. p. 402.

6.  MASTER AND SERVANT.—*Employment.—Contract for Year.—Implied Continuance.*—Where, after the expiration of a definite contract of employment for one year, the employe continues in the service without any new arrangement or contract, it is presumed that the employment is for another year under the terms of the original contract.   p. 404.

7.  MASTER AND SERVANT.—*Contract of Employment.—Renewal.—Discharge.—Grounds.*—Where during the term of a contract of employment, the employer discovered acts of duplicity on the part of the employe, he was not required to inform the employe thereof, but, having permitted a continuation of employment after the term, so as to operate as a renewal of the contract, the employer could not terminate the renewal term by discharging the employe because of such duplicity, although the same would have justified the employer's refusal to renew the contract. p. 406.

From Fulton Circuit Court; *Harry Bernetha,* Judge.

Action by John C. Leiter against the Akron Milling Company.   From a judgment for plaintiff, the defendant appeals.   *Affirmed.*

*Holman, Stephenson & Bryant. M. A. Baker* and *R. R. Carr,* for appellant.

*Enoch Myers* and *C. C. Campbell,* for appellee.

HOTTEL, C. J.—Appellee filed in the court below a complaint in three paragraphs.   The first and third paragraphs are each in the ordinary form of a common count for work and labor done by the appellee for appellant at its instance and request, the first being for services rendered between August 1, 1909, and August 1, 1910, of the alleged value

of $200; and the third paragraph being for services rendered between April 1, 1909 and June 30, 1909, of the alleged value of $100. Each of the paragraphs is accompanied with an itemized statement of the services rendered which is filed with and made part of the pleading to which it is attached. The second paragraph alleged in substance that, on June 22, 1909, appellee and appellant entered into a certain written agreement by which appellant employed appellee to work for it as manager of its grain business at Akron, Indiana, for the term of one year from July 19, 1909; that for such services appellant promised and agreed to pay appellee the sum of $936 for the full period of said year, payable in weekly installments; that a copy of the agreement is filed with and made part of the paragraph as an exhibit; that pursuant to the contract and on said day appellee entered into said employment and continued to work for appellant as such manager, until December 3, 1910, when appellant, without any cause whatever, discharged appellee and refused to permit him to continue in said employment; that at the end of the year appellee and appellant continued their relations under the contract; that appellee continued to give his services thereunder, and appellant continued to receive and pay for such services under the contract up to the time of discharge; that appellee performed all the conditions of the contract, to be by him performed and ever since has been ready, able and willing to comply with the contract and, thereunder, to continue said services to the end of the second year, namely, July 19, 1911; that by reason of the premises appellee has lost the the wages which he would have derived from said employment, from December 3, 1910, to July 19, 1911, and has been damaged in the sum of $594; that appellant is a milling corporation organized under the laws of this State. There was a general prayer for $1,000.

Appellant filed an answer in four paragraphs and one paragraph of counterclaim. The first, second and fourth

paragraphs of answer were addressed to the entire complaint, the first being a general denial, the second a plea of payment and the fourth paragraph was an affirmative answer of considerable length, the general scope and tenor of its averments being to the effect that appellant was induced to employ appellee by reason of the fact that it knew nothing about mill machinery or the construction of a mill and appellee represented to it that he was a millwright and milling engineer of large experience and competent to construct and superintend a flouring mill, and that he could and would properly direct and advise appellant in the matter of planning the construction of its mill at Akron, Indiana, and in the matter of purchasing and installing the proper and necessary machinery therein; that at the time of making such representations appellee was in the employ of Anson Van Camp, with whom he had a secret contract whereby he was to be allowed a commission on any sale of machinery and equipment so sold to appellant which fact appellee concealed from appellant; that acting in such dual relation the appellee in order to secure the benefit of such commission contract induced appellant to enter into a contract with Van Camp for its said machinery and equipment and also to allow appellee to superintend the placing of said machinery and pass on its efficiency and finally to report to appellant on the question whether such machinery and installation thereof were in all respects according to contract; that appellee, in order that he might enhance his commission on the sale of such machinery allowed and permitted such contractor to furnish inferior machinery and equipment and permitted him to install the same in a cheap and unworkmanlike manner; that appellant knew nothing of said secret agreement between appellee and said Van Camp until December 3, 1910, when it discharged appellee.

The counterclaim admitted the execution of the contract sued on, in the second paragraph of complaint and appellee's employment thereunder until July 18, 1910, and alleged

that it complied with all the terms and conditions of the contract and paid appellee the weekly payments of $18 per week, provided for therein up to and including July 19, 1910. The other averments of the counterclaim are substantially the same as the answer of justification of discharge heretofore set out, and recovery is asked for damages for appellee's breach of his contract.

The third paragraph of answer was addressed to appellee's second paragraph of complaint alone and admits that it entered into "the contract declared on" therein and that "the plaintiff entered upon the service of the defendant under said contract and continued in the employ of the defendant under said contract until its expiration, viz., on the 19th day of July, 1910. That the defendant complied with all of the terms and conditions of said contract, and payed the plaintiff weekly payments of $18 per week provided for therein up to and including 19th day of July, 1910."

To each of the affirmative paragraphs of answer and to the counterclaim appellee filed a general denial. A trial by jury resulted in a verdict in appellee's favor for $527.05. Appellant filed a motion for a new trial, and upon appellee remitting all in excess of $391.05 such motion was overruled and judgment rendered for that amount.

The errors assigned and relied on for reversal are: "(1) The first paragraph of complaint does not state facts sufficient to constitute a cause of action. (2) The second paragraph of complaint does not state facts sufficient to constitute a cause of action. (3) The third paragraph of complaint does not state facts sufficent to constitute a cause of action. (4) The court erred in sustaining appellee's demurrer to the third paragraph of answer to the second paragraph of complaint. (5) The court erred in overruling appellant's motion for a new trial."

It is first insisted by appellee that appellant, on account of its failure to comply with the rules of the court, has pre-

sented no question by its appeal. To avoid adding to the length of this opinion by a discussion of the objections made to appellant's brief, and their effect on the several questions attempted to be presented therein, we will go directly to a disposition of those questions which, to us, seem to be presented within the meaning of such rules as heretofore construed and interpreted by this and the Supreme Court. *Harmon* v. *Pohle* (1914), 55 Ind. App. 439, 103 N. E. 1087; *Geisendorff* v. *Cobbs* (1911), 47 Ind. App. 573, 577, 94 N. E. 236, and cases cited; *Howard* v. *Adkins* (1906), 167 Ind. 184, 78 N. E. 665.

It will be observed from the first three assigned errors that appellant thereby seeks to test in this court the sufficiency of each paragraph of the complaint separately

1. for want of facts. This could only be done by demurrer in the trial court. "When the sufficiency of the pleading is first questioned on appeal" the assignment of error in the appellate tribunal "must be predicated on the complaint as an entirety, and if any paragraph is good, the assignment must fail." *Horace F. Wood Transfer Co.* v. *Shelton* (1913), 180 Ind. 273, 276, 101 N. E. 718 and cases cited. We do not understand from appellant's

2. brief that it in fact questions the sufficiency of either the first or third paragraph, and we have, in any event, indicated enough of their contents to show that they at least aver facts sufficient to bar another action for the same cause, which is all that is necessary even against a proper attack first made in this court. *Horace F. Wood Transfer Co.* v. *Shelton, supra,* 276, and cases cited; *Board, etc.* v. *State, ex rel.* (1913), 179 Ind. 644, 646, 102 N. E. 97; *Sanitary Can Co.* v. *McKinney* (1913), 52 Ind. App. 379, 383, 100 N. E. 785. For all or any of the reasons indicated none of appellant's first three assigned errors are of any avail.

The fourth assigned error is not urged. The only reference in appellant's brief to this assigned error is a statement

that "the second paragraph of complaint having been withdrawn no answer was required, as there was no pleading to answer." It follows that no question is presented by this particular assigned error. However, if the second paragraph of appellee's complaint was withdrawn, a reversal of the case must follow for other reasons.

This brings us to a consideration of the controlling questions in the case presented by the motion for new trial. In support of that ground of its motion for new trial which challenges the sufficiency of the evidence to sustain the verdict and the further ground that the verdict is contrary to law, appellant says, and appellee in effect admits, that (we quote from appellant's brief) "the jury under the evidence could not and evidently did not find for the appellee on the first or third paragraph of his complaint." In this connection appellant insists "The second paragraph of complaint was withdrawn by appellee, and ceased to be a pleading or claim in the case, and the verdict is, therefore, not based on any pleading in the case, and the same should be set aside, and a new trial should be granted herein." Appellant further insists "if said second paragraph of complaint and contract were in the case that the verdict would be contrary to law." The reason given for such claim being in effect that the contract on which such paragraph is based shows on its face that it had expired before the alleged breach; that appellee was paid for all work performed up to the time of his discharge; that there was no renewal of the original contract, but that appellee's employment thereafter, with no new or different arrangement, was necessarily "indefinite as to time and was at the will of either party and did not operate to continue such expired written contract for another year."

Two questions are presented by appellant's contention. (1) As affecting the questions presented by this appeal, Must the second paragraph of complaint be treated as withdrawn? (2) Was the original contract between appellant

and appellee a contract of employment for a year, and was it by implication of law renewed for another year, when, after its expiration, appellee continued in the same employment, appellant accepting his services and paying therefor according to the terms of its original contract with no change or new arrangement or new or different contract of employment? On the determination of these questions depend most, if not all, of the other questions of controlling influence presented by the motion for new trial.

As affecting the first question appellee admits that there is in the record an entry which "shows that this paragraph was withdrawn," but insists that such entry is a mistake; that "neither the court nor the counsel for appellee, nor even the counsel for appellant had any knowledge or intimation of any such entry." Appellee undertakes to account for the entry as follows: "How this erroneous entry came into the record, for we will charge nothing but honesty in the matter, we are unable to say. But the only consistent explanation is that the trial court in making up his minutes instead of writing cross-complaint, wrote complaint; for upon examination of the record we find that the appellant withdrew its second paragraph of cross-complaint on the first day of the following term, whereas (the entry showing the withdrawal of) this second paragraph of complaint shows withdrawal on the last day of the preceding term. Evidently, the appellant had suggested the withdrawal of the second paragraph of cross-complaint on such last day and the court had made the entry as of the complaint, and on the first day of the next term, the appellant having forgotten the matter, had an entry made of the matter (of the withdrawal of the cross-complaint) again."

In view of what follows in the record it is possible 4. and indeed altogether probable that appellee is correct in his contention that the entry is a mistake, and that its presence can be accounted for in the man-

ner he suggests.  This court, however, must and will assume, as against all claims or statements outside thereof that the record itself speaks the truth.  The court will, however, look to the entire record to ascertain the facts.  The record discloses that sometime after this entry which shows the withdrawal of the second paragraph of complaint the appellant filed a third paragraph of answer addressed to such second paragraph of complaint alone, and a fourth paragraph addressed to the entire complaint, and a counterclaim.  Not only the record entry shows that such third paragraph of answer was addressed to such second paragraph of complaint, but the paragraph of answer itself, a part of which we have set out above, shows that it was addressed to such paragraph of complaint alone, and admitted that appellant had entered into the contract made part of such paragraph.  In its counterclaim appellant also admits that it entered into the contract declared on in the second paragraph of complaint.  This paragraph of the complaint was the only paragraph based on the written contract.  In the trial of the cause when appellee offered in evidence the contract appellant made no objection to the admission of the contract on the ground that the paragraph of complaint based on it had been withdrawn, but on the contrary, objected to the admission of such contract for the following reasons only, viz., "that the paragraph of complaint—the second paragraph of complaint—declares upon a contract and the contract itself set out in the paragraph of complaint discloses that the time expired on 19th day of July, 1910, and discloses that the defendant had paid the plaintiff his compensation fixed in the contract according to the contract up to and including the expiration of the contract.  And also discloses that all compensation for his work and labor performed under the contract had been fully paid before the commencement of this action.  And that any labor performed after the date of the expiration of the contract in July, 1910, is and was after its expiration

and was indefinite as to terms and time of employment, except from week to week for which he received the sum of $18 per week. That there could be no breach of the contract that had expired. No breach having occurred prior to its expiration.''

The trial court in stating the issues copied this paragraph, or its substance, into one of its instructions. The appellant tendered instructions which treated this paragraph, and the issues tendered by it, as still being before the court. Every step taken in the proceedings in the trial court after said entry of withdrawal shows that all the parties and the court at all times treated such paragraph and the issues it tendered as being before the court. Indeed, the proceedings *in this court* up to the time of the filing of appellant's brief indicate that appellant regarded and treated such paragraph as though it had never been withdrawn. By its second assignment of error it challenges its sufficiency, and by its fourth assignment of error it challenges the ruling of the trial court in sustaining appellee's demurrer to said answer addressed to such paragraph, such answer having been filed six months after such entry of withdrawal. It is manifest from the record when considered in its entirety that this case was tried in the court below on the theory, entertained both by the court, and by all the parties, that the second paragraph of the complaint had never been withdrawn. Appellant at no stage of the proceedings below made any attempt to correct the court, if it were wrong, in such theory, but on the contrary, both by its pleadings and instructions invited the error, and it will not now be permitted to take advantage of an error, if error it was, which it thus invited. As applicable to the question under consideration the Supreme Court in the case of *City of Warsaw* v. *Dunlap* (1887), 112 Ind. 576, 579, 11 N. E. 623, 14 N. E. 568, said: ''The case was, however, tried upon the theory that there was an answer of general denial, and the court so instructed the jury. It is, therefore, too late for the appellee to insist

that there was no answer to his complaint. If he desired to make such a question he should have moved in the trial court for judgment on the pleadings, or in some other appropriate method have presented the question to the trial court." See, also, *Farmers Loan, etc., Co.* v. *Canada, etc., Co.* (1891), 127 Ind. 250, 254; 26 N. E. 784, 11 L. R. A. 740; *Emerson* v. *Opp* (1894), 9 Ind. App. 581, 34 N. E. 840, 37 N. E. 24; *Parscouta* v. *State, ex rel.* (1905), 165 Ind. 484, 485, 75 N. E. 970.

That part of the written contract filed as an exhibit with this second paragraph, and which affects the second question presented by appellant's contention before indicated, is as follows:

"That for and in consideration of the payment by the party of the first part to the party of the second part the sum of $936 in weekly payments of $18 each, payable each Saturday, the party of the second part hereby agrees to enter the employment of the said party of the first part as manager of its flour and grain business, for and during a term and period of one year from and after the 19th day of July, 1909. Second, The duties of said party of the second part shall be the buying and selling of grain, the manufacture and sale of flour and flour products, the buying and selling of seeds and the general supervision and management of the flour and grain business of said party of the first part. Third. Said party of the second part shall at all times be under the instruction and supervision of the board of directors and president of the party of the first part and shall at all times work for the interest of the party of the first part."

As affecting the question now under consideration, appellee contends in effect that this contract of employment was for a definite period of one year at a fixed yearly compensation and that, "where one enters into the services of another for a period of one year, and continues in the employment after the expiration of that period, without any new contract, the presumption is that the employment is continued for another year on the terms

of the original contract; and this presumption must prevail, unless there be a new agreement shown, or at least facts which are sufficient to rebut the legal presumption, and show that a different hiring was in fact intended by the parties.'' Appellee's contention is supported by the decisions of numerous courts of other jurisdictions. *Adams* v. *Fitzpatrick* (1891), 125 N. Y. 124, 128, 26 N. E. 143; *Sines* v. *Superintendents, etc.* (1885), 58 Mich. 503, 507, 25 N. W. 485; *Dunton* v. *Derby Desk Co.* (1904), 186 Mass. 35, 71 N. E. 91; *Kelly* v. *Carthage Wheel Co.* (1900), 62 Ohio St. 598, 612, 57 N. E. 984; *Hodge* v. *Newton* (1888), 14 Daly (N. Y.) 372, 373; *Home Fire Ins. Co.* v. *Barber* (1903), 67 Neb. 644, 93 N. W. 1024, 60 L. R. A. 927, 108 Am. St. 716; *Herman* v. *Littlefield* (1895), 109 Cal. 430, 432, 42 Pac. 443; *Dickinson* v. *Norwegian Plow Co.* (1898), 101 Wis. 157, 76 N. W. 1108; 1 Labatt, Master and Servant §§230-238; 26 Cyc. 976, and authorities cited; 20 Am. and Eng. Ency. Law (2d ed.) 16, and authorities cited. In our examination of the question involved we have been unable to find any case, decided by either of the courts of appeal of this State, in which was presented, or decided, the exact question here presented. However, the courts of this State have recognized the rule to be as contended for by appellee when a contract between landlord and tenant was involved, that is to say, this court and the Supreme Court have held that: ''If a tenant for a year or for a number of years holds over after the expiration of his term by efflux of time, the landlord, at his option and against the will or intention of the tenant, may hold the latter liable as a tenant for another year.'' *Alleman* v. *Vink* (1902), 28 Ind. App. 142, 146, 62 N. E. 461, and authorities cited. These decisions are doubtless influenced by §8054 Burns 1914, §5208 R. S. 1881, but many of the cases above cited apply the rule to contracts of the kind now under consideration, and in so doing, expressly recognize the analogy between such contracts and contracts of yearly leases. In the case

of *Adams* v. *Fitzpatrick, supra,* 128, the court quotes with approval from Reeves, Domestic Relations (4th ed.) 431 as follows: "Where one serves another under a contract for a year's service, and holds over continuing in the same service after the expiration of the year, there is a presumption, analogous to the presumption in the case of yearly leases, that the parties assent to the continuance through another year of the contract of service." See also cases there cited. In *Herman* v. *Littlefield, supra,* 432, the court said: "It is contended that the court committed an error in admitting the original written contract in evidence. We think there is no weight in the contention. The writing was clearly admissible, as showing the terms of the contract under which plaintiff performed the labor. It is elementary that when a person performing labor at an agreed price and for a stated time continues in the same employment after the expiration of the term, without a new agreement, it is presumed by the law, in the absence of anything to the contrary, that the terms of the original contract are continued." It will be observed that in the contract under consideration, both the time of employment is fixed as one year, and the compensation is yearly, so that the case is brought clearly within all the cases cited.

The motion for new trial contains several grounds attempting to present objections to the admission and exclusion of evidence. Some of the objections are not 7. presented by the brief, or where presented are not properly saved and presented by the record, or relate to questions presented by the first and third paragraphs of complaint and hence, under appellant's admission that the verdict rests on the second paragraph of complaint could have no controlling influence on the verdict. All questions relating to the admission or exclusion of evidence which are presented by the record and briefs of appellant and which could have had any controlling influence on the verdict have been disposed of in our discussion of the controlling ques-

tions in the case. By that discussion we also disposed of all objections of appellant relating to the giving or refusing to give instructions, which could have had any influence on the verdict harmful to appellant, except possibly the objections to instruction No. 7, applicable to appellant's fourth paragraph of answer. The part of this instruction objected to is as follows: ''If you further find that during the first year that plaintiff was so employed by the defendant, defendant learned that the plaintiff had been, during the first year of the said employment, in some degree or in some particular negligent in the performance of his duty; or if you further find that defendant during the first year of said employment learned of the facts respecting plaintiff's conduct, deemed by it inconsistent with his duties, as such employe, but concealed its knowledge of such facts from the plaintiff and permitted him to continue in its employment upon the same terms as contained in his original contract without any new agreement respecting such employment and services and defendant continued to pay plaintiff the same compensation which he had received under the original contract and at the same interval of time, then I instruct you that the existence of such facts occurring and known to defendant during the first year of plaintiff's services would not be sufficient justification for such defendant discharging the plaintiff during the second year of such employment.''

Appellant's objection to such instruction is in effect that it invaded the province of the jury. It is also argued that it was the duty of appellee to frankly inform appellant of the things done by him that were inconsistent with the faithful discharge of his duties to his employer and appellant had a right to refrain from informing appellee of its discovery of the facts concerning his duplicity with them until such time as they should be fully convinced by authentic proof concerning the same, whether this was acquired before or after the expiration of said contract. There is no doubt

but that appellant had the right to refrain from telling appellee of his supposed duplicity until such time as it saw fit, whether before or after the expiration of the original contract, but whether knowledge of such duplicity, either supposed or real, acquired before the expiration of the old contract, would be a sufficient excuse, under the law, for a discharge of appellee from the employment under the new contract which the law implied, is a very different question. Such information or knowledge would have furnished a very good excuse for refusal to renew the contract, but we think it is entirely insufficient to justify a discharge after the renewal. The instruction was we think, in the respect for which it is criticised, as favorable to appellant as the law would permit.

It is claimed by appellant that the amount of the recovery is too large, but as this claim is based on appellant's contention that the second paragraph of complaint was withdrawn, it is not necessary that we give it any further consideration.

Judgment affirmed.

Note.—Reported in 107 N. E. 99. As to right of servant to recover from master for wrongful discharge, see 43 Am. Dec. 205; 58 Am. Rep. 828; 51 Am. St. 515. See, also, under (1) 2 Cyc. 989; (2) 31 Cyc. 82; (3) 2 Cyc. 1014; 3 Cyc. 388; (4) 3 Cyc. 271; (5) 3 Cyc. 243, 244; (6) 26 Cyc. 976; (7) 26 Cyc. 994.