SPANGLER *v*. ARMSTRONG RUBBER COMPANY.

[No. 19,281. Filed December 11, 1961. Rehearing denied January 25, 1962. Transfer denied May 24, 1962.]

*George C. Uhlir,* and *Marshall, Hillis & Hillis,* both of Kokomo, for appellant.

*Shirley & Helms,* of Kokomo, for appellees.

GONAS, J.—Appellee brought this action on a written guaranty executed by appellant, guaranteeing the payment by Bud Carson Tire Service, Inc., for goods sold to it.

The issues upon which the case was tried were formed by appellee's complaint, appellant's answer, and appellee's reply, the latter pleading having been filed on September 15, 1956. Four months after the issues were closed, and nine days before the date set for trial, appellant filed a counter-claim and a request for a jury trial.

Appellee filed its motion to strike the counter-claim because it was filed after the cause was at issue, so shortly before the date set for trial, and without leave of court having first been obtained to file it. This motion was sustained. The case was not tried on the date set, but was tried without a jury late in 1957.

Appellant insists that it was error for the court to try the cause without the intervention of a jury. The record does not disclose the renewal of the request for a jury trial prior to the commencement of the trial or any objection made at the time.

Rule 1-8A of the Supreme Court was amended in 1958. At the time pertinent here, it read as follows;

"A jury trial in other than criminal cases, where trial by jury may now be had, may be requested by any party within ten (10) days after the closing of the issues upon which the cause is tried. A jury not so requested shall be deemed waived."

Appellant did not request a jury trial within ten (10) days after the closing of the issues upon which the cause was tried, and therefore under Rule 1-8A waived a jury trial.

Also presented as error is the action of the trial court in striking out appellant's counter-claim. The matter of permitting the opening of the issues for the purpose of filing additional pleadings and amending pleadings after the issues are closed is within the sound legal discretion of the trial court. Unless it is shown that there has been an abuse of such discretion, with prejudice resulting to appellant, it will be presumed that there was no error. *Burr* v. *Mendenhall* (1875), 49 Ind. 496; *Bever* v. *North* (1886), 107 Ind. 544, 8 N. E. 576; *The Louisville, New Albany and Chicago Railway Co.* v. *Hubbard* (1888), 116 Ind. 193, 18 N. E. 611; *Case* v. *Moorman* (1900), 25 Ind. App. 293, 58 N. E. 85; *Calumet Lumber Co.* v. *Pearson, Rec.* (1940), 107 Ind. App. 343, 24 N. E. 793.

The counter-claim is quite lengthy, but we think appellant properly summarizes it in his brief as follows;

". . . the appellant charges in his counter-claim, in effect, that he was induced through the fraud, actual and constructive, of the appellee to carry on and prolong the operation of a business by selling merchandise at wholesale and retail at certain prices dictated by the appellee

which brought on a loss to the business and led to ruination."

Appellant's second paragraph of answer to the complaint, while more concisely stated, was in substance, to the same effect. It raised the same issue of fraud as was alleged in the counter-claim, and on this issue the finding of the trial court was against appellant. Appellant states in his brief that he waives any comment on the issues raised by the second paragraph of answer, bearing upon fraud "because this might raise the question on which side has the preponderance of the evidence." As stated by the Supreme Court in *Horace F. Wood Transfer Co.* v. *Shelton,* (1913), 180 Ind. 273, 276, 101 N. E. 718;

> "It is next urged that the trial court erred in sustaining appellees' motion to strike out the first and second paragraphs of appellant's cross-complaint.
>
> ". . . This issue, and each of the other issues which appellant sought to present by its cross-complaint, were adjudicated in the main action and finding of the jury thereon was against the appellant in each instance. The error, if any, in sustaining the motion to strike out the cross-complaint was therefore harmless. *Clause Printing Press Co.* v. *Chicago etc. Savings Bank* (1896), 145 Ind. 682, 695, 44 N. E. 256; *Hall* v. *Hedrick* (1890), 125 Ind. 326, 328, 25 N. E. 350; *Crouch* v. *Lewis,* (1911), 48 Ind. App. 465, 467, 95 N. E. 1119."

See also, to the same effect; *McKay* v. *Corwine* (1919), 69 Ind. App. 208, 119 N. E. 471; *Gwinn* v. *Hobbs* (1917), 72 Ind. App. 439, 118 N. E. 155. The issues sought to be presented by the counter-claim, having been raised and determined adversely to appellant on its answer, appellant was not prejudiced by the striking out of his counter-claim.

Finally, appellant says that the decision of the court is not sustained by sufficient evidence and is contrary to law. The argument is that under the evidence there was error in the assessment of the amount of recovery in that the same is too large. The argument is based upon appellee's Exhibit No. 2, which appellant says consists of several pages of ledger sheets. The exhibit is not contained in appellant's brief, there appearing only certain computations which appellant says are made from the exhibit. Even if the exhibit had been set forth in the brief so that we could examine it, there is nevertheless no ground in the motion for a new trial questioning the amount of recovery, and no question is presented on this point. "Although an excessive verdict or decision is grounds for a new trial, the cases are legion in this state that a specification that a decision is not sustained by sufficient evidence is contrary to law presents no question as to error in the amount of recovery." *E. H. Purcell & Co., Inc.* v. *Agricide Corp.* (1956), 126 Ind. App. 476, 134 N. E. 2d 233.

We find no reversible error. Judgment affirmed.

Kelley, P. J., Pfaff and Bierly, JJ., concur.

NOTE.—Reported in 178 N. E. 2d 764.