PORTLAND BODY WORKS *v.* McCULLOUGH MOTOR SUPPLY COMPANY.

[No. 9,555. Filed April 3, 1918. Rehearing denied June 28, 1918. Transfer denied January 14, 1920.]

1. APPEAL.—*Review.—Harmless Error.—Sustaining Demurrers to Answers.*—Where defendant pleaded a general denial, no available error was committed by sustaining demurrers to special paragraphs of answer setting forth facts which were admissible in evidence under the general denial. p. 224.

2. APPEAL.—*Review.—Harmless Error.—Sustaining Demurrers to Answers.*—Where defendant's counterclaims were fully as comprehensive as its special answers, and all the evidence properly admissible under such answers was admissible and actually received under the counterclaims, error, if any, in sustaining demurrers to the special answers was harmless, defendant's rights being fully protected by its challenge of the sufficiency of the evidence to sustain the court's finding. p. 224.

3. EVIDENCE.—*Pleadings Containing Admissions.—Admissibility.*—In an action by a sales company to recover commissions alleged to be due on sales of automobile bodies manufactured by defendant, a paragraph of defendant's special answer to which a demurrer was sustained and which contained admissions tending to prove the execution and acceptance of the contract involved and the number of bodies delivered by defendant, was admissible. p. 225.

4. EVIDENCE. — *Pleadings. — Consideration as a Whole.* — When a party introduces his adversary's pleading in evidence, all the statements therein are to be taken together, regardless of whether they make for or against the pleader. p. 226.

5. EVIDENCE. — *Pleadings. — Conclusiveness of Averments.*—Where plaintiff offers in evidence defendant's answer to prove certain

## NOVEMBER TERM, 1919.  217

Portland Body Works *v.* McCullough, etc., Co.—72 Ind. App. 216.

facts by admissions therein contained, such averments in the answer as are favorable to defendant are not conclusive as against plaintiff, and may be disproved by him. p. 226.

6. EVIDENCE.—*Parol Evidence.—Admissibility.—Construction of Contract.*—In an action by a sales agent to recover commissions on sales of automobile bodies, where the contract of sale provided that defendant might enter order for purchaser's requirements in bodies, etc., parol evidence of circumstances and negotiations preceding the execution of the contract was admissible to show that the price quoted was on a certain type of body, and that other models were not contemplated; the contract being uncertain. pp. 226, 228.

7. CONTRACTS. — *Construction. — Ambiguity. — Parol Evidence.* — While the language of a written contract is the sole guide by which to ascertain its meaning, yet where the language used is ambiguous, uncertain or susceptible of a double meaning, it is proper for the court to hear parol testimony respecting the subject-matter of the contract, the situation of the parties and the circumstances under which it was executed, and the language of the contract should be interpreted in the light of all proper facts disclosed by such testimony. p. 227.

8. CONTRACTS. — *Ambiguous Contract.—Construction.—Subsequent Acts of Parties.*—In the interpretation of a written instrument whose language is ambiguous or equivocal, weight should be given to the subsequent acts of the parties as indicating what construction they placed upon it. p. 228.

9. EVIDENCE.—*Interpretation of Contract.—Opinion Evidence.*—In an action by a sales agent to recover commissions alleged to be due on sales of automobile bodies manufactured by defendant, although the contract of sale procured by plaintiff was ambiguous and uncertain, it was error to permit witnesses to interpret it by testifying that they knew that the contract covered bodies of a certain type and model only. p. 228.

10. CONTRACTS.—*Construction.—Province of Court.*—The facts respecting the situation of the parties and the circumstances surrounding the execution of the ambiguous contract having been ascertained, the interpretation of the contract remains the exclusive province of the court. p. 229.

11. APPEAL.—*Review.—Admitting Improper Testimony.—Reversal.* —Where the trial court interpreted the contract on which the action was predicated in harmony with plaintiff's theory, and the court on appeal is unable to determine that incompetent testimony of witnesses in effect interpreting the contract did not influence the court below, the admission of such testimony was reversible error. p. 229.

218 APPELLATE COURT OF INDIANA,

Portland Body Works *v.* McCullough, etc., Co.—72 Ind. App. 216.

From Delaware Superior Court; *Robert M. Van-Atta,* Judge.

Action by the McCullough Motor Supply Company against the Portland Body Works. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Leffler, Ball & Needham, LaFollette & McGriff* and *R. H. Hartford,* for appellant.

*Hanna & Dailey* and *Warner & Warner,* for appellee.

CALDWELL, J.—Appellee brought this action against appellant to recover commissions alleged to be due it on account of services rendered by the former in making sales of automobile bodies manufactured by the latter. The first paragraph of complaint declared on a written contract, hereinafter outlined, by which appellee was appointed appellant's sales agent. The second paragraph was predicated on the *quantum meruit.* Appellant filed to the complaint an answer in general denial, and also to the first paragraph thereof a special answer in four paragraphs, numbered 2, 3, 4 and 5. Appellant filed also a counterclaim in two paragraphs. Appellee's demurrer was sustained to the special answers. Appellee filed also a demurrer to each paragraph of the counterclaim, on which the record discloses no ruling. Appellee closed the issues on the counterclaim by filing a general denial.

On a trial the court by proper request found the facts specially and stated conclusions of law, on which judgment was rendered in favor of appellee for $1,248.09.

Appellant urges that the court erred in sustaining the demurrers filed to its special answers, and in

admitting certain testimony, and also that the evidence is insufficient to sustain the finding.

In order that there may be an intelligent comprehension of the questions presented, we outline in part the facts as found by the court, which in the main at least are supported by the evidence, as follows: In 1912 and prior thereto appellant was engaged in the manuafcture of bodies for automobiles and other vehicles at Portland, Indiana. Appellee conducted at Indianapolis a general sales business and sales agency of parts that enter into the construction of motor vehicles. In conducting such agency it represented a number of manufacturing companies. Its business included the finding of purchasers in quantities for parts used in the building of motor vehicles. On June 30, 1911, the parties entered into a contract in writing, above referred to as being the basis of the first paragraph of complaint, by the terms of which appellant appointed appellee as its agent to sell for it automobile bodies for the season of 1912, ending June 30, 1912. This contract was in part to the effect that appellant agreed to devote its entire time to the manufacture of bodies sold in advance by appellee, provided appellee made sufficient sales to that end; otherwise appellant reserved the right to solicit additional work on its own account. It was stipulated that either party might terminate the contract by thirty days' notice in writing, and that should the contract be terminated appellant would pay to appellee commissions on all contracts procured by appellee, although thereafter filled; that on any bodies manufactured by appellant and sold in advance by appellee, appellant should prior to the manufacture and sale of such bodies quote to appellee a price, and that appellee's commission should consist of the excess of

the price at which it made sales over the quoted price; that commissions should be due and payable when appellant collected on sales made by appellee; that appellee should not act as agent for any manufacturer other than appellant in the sale of "bodies in white."

Appellee served as appellant's sales agent under the foregoing contract up to June 30, 1912. Prior to April 4, 1912, the Haynes Automobile Company of Kokomo, at the solicitation of appellee, had submitted to appellant a blue print with specifications descriptive of a certain type of automobile body which it desired to purchase, and thereby sought from appellant through appellee a bid or price at which appellant would manufacture and furnish such bodies. Thereafter at the solicitation of appellee and as required by the Haynes company, appellant manufactured and shipped to the Haynes company a sample body conforming to such blue print and specifications. This sample body was of a type designated by the Haynes company as Model 22. On such body appellant quoted appellee a price of $60 each, and appellee thereupon agreed with the Haynes company that the bodies should be manufactured and furnished by appellant at $64.85 each. Thereafter appellee as such agent procured from the Haynes company a form of contract in writing, properly signed by the latter, and in terms as follows:

"April 4, 1912.

"Portland Body Works,
Portland, Ind.

"Gentlemen: You may enter our order for our season's requirements in bodies for the season of 1913. These not to exceed fifteen hundred

bodies. Orders to be placed in lots of two hundred fifty or more, and such orders to be placed sixty days in advance of our requirements. This contract is conditioned upon bodies being furnished equally as good or better than the sample submitted, and upon your ability to make deliveries as specified. Failure on your part to satisfy us in this respect shall be sufficient cause for the cancellation of this contract. Terms of settlement two per cent., ten days, net thirty.''

At the same time appellee as such agent procured from the Haynes company a written order duly signed, in part as follows:

''Ship to the Haynes Automobile Co., Kokomo, Indiana, * * * two hundred fifty Model 22 Touring Car Bodies same as sample submitted, * * * for which we agree to pay the Portland Body Works the sum of $64.85 per body. * * * Delivery at least 25 by May 15, 1912; 75 in June, 100 in July, 50 in August.''

Appellee thereupon mailed such contract, and also such order to appellant, who thereupon accepted them in writing. On or about May 23, 1912, the Haynes company, by and with the consent of appellant and appellee, canceled such order as to seventy-five bodies. Subsequently the Haynes company placed with appellant the following additional orders for bodies Model 22, and for its requirements for the 1913 season, to wit: July 10, 1912, 100 bodies; August 23, 1912, 100 bodies; October 16, 1912, 20 bodies. Appellant manufactured and shipped to the Haynes company on such orders 395 bodies, each of which was Model 22, and the last shipment having been

made November 29, 1912, for which appellant received payment in full at $64.85 each, or a total of $25,615.75. Appellant paid appellee commission on 175 of such bodies at $4.85 each, or a total of $848.75. The court found a balance due appellee of $1,067, and interest, aggregating the amount of the judgment.

The evidence disclosed that in the business of manufacturing automobiles the year or season commences July 1; that is, the season 1913 commenced July 1, 1912, and ended July 1, 1913. It is appellant's contention that under the contract of April 4, 1912, it was entitled to furnish to the Haynes company all the bodies that it required for the 1913 season, regardless of style or model; while it is appellee's contention that such contract covered only Model 22. Appellant's special answers, as well as its counterclaims, in a general way were to the effect that appellee's agency contract expired by limitation June 30, 1912; that prior thereto it delivered to the Haynes company 175 Model 22 bodies at $64.85 each, on which it paid appellee commissions as agreed; that the 220 bodies Model 22, thereafter delivered, were furnished on orders received after appellee's contract had expired, and consequently that appellee was not entitled to commission on such bodies. While it does not clearly appear, it seems to be the theory of these answers and also of the counterclaims that the 220 bodies were not furnished under the contract of April 4, 1912, but pursuant to independent negotiations between appellant and the Haynes company. The special answers, except paragraph 2, and also the counterclaims, are further to the effect that after July 1, 1912, appellee as sales agent of the Woodstock Carriage Company procured from the Haynes company a contract by which the former fur-

nished the latter 1,000 bodies for the 1913 season; that appellant was entitled to furnish such bodies under the contract of April 4, 1912; that appellee was thereby guilty of a breach of faith and violated the duty which it owed to appellant, by reason of which, not only was it not entitled to further commissions, but also that appellant was entitled to recover damages.

The further finding of the court bearing on these controverted questions was to the following effect: On July 31, 1912, appellant, through negotiations had with the Haynes company, and without the intermediation of appellee, procured an order to construct certain flat-deck roadster bodies of a type different from Model 22, under which appellant did furnish and deliver to the Haynes company a number of such bodies, and on which the court found that appellee was not entitled to commission. (They were furnished at $50 each rather than $64.85.) That appellant was not equipped to furnish bodies except in the white; that the contract between appellant and appellee restricted the latter from obtaining orders in behalf of other body manufacturers than appellant, for bodies "in the white," prior to June 30, 1912; that subsequently the Haynes company desired to procure bodies for its Models 23 and 24 to be finished to the rub out; that thereupon it delivered to appellant and to other body manufacturers blue prints and specifications descriptive of such models and solicited bids; that appellant among other manufacturers submitted a bid, its bid being substantially more than $64.85; that the bid of the Woodstock Carriage Company to furnish such bodies at $74 each was accepted; and that that company did furnish to

the Haynes company 1,000 of such bodies at that price, and that the contract to furnish such bodies was procured by appellee as agent of the Woodstock Company, October 21, 1912; that the contract of April 4, 1912, between appellant and the Haynes company was for bodies in the white, Model 22, and that appellee's procuring of the contract of October 21, 1912, was not a breach of the contract of April 4, 1912. The evidence showed that "bodies in white" means without any paint or varnish having been applied, and "bodies finished to the rub out" means with all the coats of paint and varnish applied except the last coat of varnish.

We proceed to the question of the sustaining of the demurrers to the special answers: The answer in general denial remained. The second paragraph of answer, as well as those features of the other paragraphs that merely rebutted the allegations of the complaint that bodies were furnished by appellant under the arrangement made between it and the Haynes company by appellee as sales agent, amounted merely to an argumentative denial. Evidence in support of the second paragraph of answer, and likewise under such features of the other special paragraphs of answer, was admissible under the general denial. To such extent therefore there was no available error in sustaining the demurrers to such answers. *Harding* v. *Cowgar* (1891), 127 Ind. 245, 26 N. E. 799.

Moreover, the counterclaims were fully as comprehensive in scope and averment as the special answers. All the evidence properly admissible under the special answers had they remained as pleadings, was not only likewise admissible, but also

NOVEMBER TERM, 1919.        225

Portland Body Works *v.* McCullough, etc., Co.—72 Ind. App. 216.

actually was received under the counterclaims. The court's deductions from such evidence entered into the finding, which apparently was adverse to appellant's contention. Appellant has challenged the sufficiency of the evidence to sustain the finding. Its rights are therefore fully protected. Under such circumstances, if there was any error in sustaining the demurrers to the special answers, it was harmless. *Horace F. Wood Transfer Co.* v. *Shelton* (1913), 180 Ind. 273, 101 N. E. 718; *City of Covington* v. *Ferguson* (1906), 167 Ind. 42, 78 N. E. 241; *Clause Printing Press Co.* v. *Chicago, etc., Sav. Bank* (1896), 145 Ind. 682, 44 N. E. 256; *Hall* v. *Hedrick* (1890), 125 Ind. 326, 25 N. E. 350.

Appellee offered in evidence the second paragraph of answer, to which a demurrer had been sustained.

3. Apparently appellee offered this evidence as tending to prove by admissions therein contained the execution and acceptance of the contracts involved, and that appellant had furnished to the Haynes company a certain number of bodies. Such paragraph of answer was admitted over appellant's objection. It is urged that in such ruling the court erred, and that at any event, if the answer was properly admitted, those averments favorable to appellant must also be considered; and that such favorable averments are conclusive against appellee's cause of action. The answer, although no longer a pleading in the case, was properly admitted in evidence. *Templer* v. *Lee* (1914), 55 Ind. App. 433, 103 N. E. 1090, and cases.

It is true that, when a party introduces his adversary's pleading in evidence, "Like other admissions,

226    APPELLATE COURT OF INDIANA,

Portland Body Works *v.* McCullough, etc., Co.—72 Ind. App. 216.

all the statements of the whole pleading are to be taken together, what makes for the pleader as well as what makes against him." *Boots* v. *Canine* (1884), 94 Ind. 408.

The averments of the answer favorable to appellant were not conclusive as against appellee, however. The latter remained free to disprove such averments. *Cleveland, etc., R. Co.* v. *Gray* (1897), 148 Ind. 266, 274, 46 N. E. 675; 1 Greenleaf, Evidence (8th ed.) §201.

The court permitted appellee over appellant's objection to introduce parol testimony to the following effect: Facts to the effect that the $60 price which appellant quoted to appellee was on Model 22, a sample of which appellant had submitted to the Haynes company; that the sample so submitted was Model 22; that prior to the executing of the contract of April 4, 1912, the Haynes company and appellant by appellee had agreed on a price at which appellant should furnish bodies to the Haynes company; that such price was a single price for each body to be furnished rather than a scale of prices for different types of body; that at the time of the making of the contract of April 4, 1912, the Haynes company was making only Model 22 for the 1913 season; that models 23 and 24 were not at that time contemplated; that the Haynes company continued to manufacture Model 22 in the fall of 1912 and spring of 1913.

It is urged that this evidence tended to contradict and vary the terms of the written contract, and therefore that the court erred in admitting it.

The contract of April 4, 1912, contains the following language: "You may enter our order for our

NOVEMBER TERM, 1919.     227

Portland Body Works *v.* McCullough, etc., Co.—72 Ind. App. 216.

requirements in bodies for the season of 1913.'' Appellant plants itself on this language, and contends that by virtue of such language it was entitled to furnish to the Haynes company all bodies of every kind and nature required by it for the 1913 season; that while admitting that but a single sample had been submitted, and but a single price agreed on and, conceding that, if the Haynes company desired some other type of body than Model 22, bids would have to be submitted and samples furnished, yet that the language ''for our requirements in bodies for the season of 1913'' means what it says, and that the Haynes company was bound to give appellant the business regardless of type or model. That such is appellant's contention appears clearly from the testimony of appellant's secretary-treasurer, who testified as a witness in behalf of appellant, and who in his cross-examination was permitted without objection to enter this field. Appellee, however, contends that the contract was incomplete and ambiguous, and therefore that it was proper to hear parol evidence as above indicated in order that it might be properly interpreted.

While it is true that in interpreting a written contract its language is the sole guide, yet if the language used is ambiguous, uncertain, or susceptible of a double meaning, it is proper for the court to hear parol testimony respecting the subject-matter of the contract, the situation of the parties, and the circumstances under which the contract was executed. Having done so, the language of the contract should be interpreted in the light of all proper facts disclosed by such parol testimony. *H. G. Olds Wagon Works* v. *Coombs* (1890), 124 Ind. 62, 24 N. E. 589.

It is our judgment that the contract here comes within the rule, and that the court properly heard parol testimony as above outlined. Several of the questions and answers involved in such testimony are in the nature of conclusions, but no objection is made on that ground. We do not hold that such questions and answers were in proper form in all cases, but do hold that the facts sought as above outlined were proper to be considered in interpreting the contract.

We suggest also that in the interpretation of a written instrument whose language is ambiguous or equivocal, weight should be given to the subsequent acts of the parties as indicating what construction they placed upon it. *Wilson* v. *Carrico* (1895), 140 Ind. 533, 40 N. E. 50, 49 Am. St. 213; 10 R. C. L. 1077.

Under this rule the following facts, if shown by the evidence, should be considered in interpreting the contract. That all the bodies involved in this controversy as ordered and furnished were Model 22; that they were furnished at the uniform rate of $64.85 per body, and on the single price made and bid submitted prior to the execution of the written contract; that on the proposition to furnish other models than 22, as Models 23 and 24 and the roadster bodies, new bids were submitted and new and different prices made, and pursuant to independent negotiations.

The court over objection permitted certain witnesses called in behalf of appellee to testify to the following effect: That they knew that appellant had a contract to furnish to the Haynes company Model 22 bodies; and that the contract was to supply Model 22 bodies; and that the

contract covered bodies of a certain type and model; and that it referred to but one model; and that the Haynes company under the contract purchased from appellant Model 22 bodies. In admitting this evidence the court erred. The basis of the rule that parol evidence of the subject-matter of an ambiguous contract, the situation of the parties, etc., may be heard as an aid to its interpretation is " 'that the court may be placed, in regard to the surrounding circumstances, as nearly as possible in the situation of the party whose written language is to be interpreted.' " *Bates* v. *Dehaven* (1858), 10 Ind. 319.

Witnesses may properly testify to facts respecting the surroundings and situation of the parties, but may not interpret the contract. It may be properly left to a jury to determine the facts, but, the facts having been determined, the interpretation of the contract remains the exclusive province of the court. *H. G. Olds Wagon Works* v. *Coombs, supra; Reissner* v. *Oxley* (1881), 80 Ind. 580.

We cannot say from the record that such error was harmless. The court interpreted the contract in harmony with appellee's theory. In doing so we are unable to determine that he was not influenced by such evidence improperly heard.

Other questions presented are not considered.

Judgment reversed, with instructions to the court to sustain the motion for a new trial.

ON PETITION FOR REHEARING.

CALDWELL, C. J.—Appellee on petition for a rehearing argues that the error in admitting parol evidence in direct interpretation of the written contract of April 4, 1912, was rendered harmless by the finding. Appellee concedes that the meaning of the phrase

"our requirements in bodies for the season 1913" as found in that contract, was controverted matter. Appellee argues, however, that evidence throwing light on the meaning of such phrase was competent and material only as an aid to the court in determining from an interpretation of such contract whether appellee was entitled to commissions on all models furnished by appellant to the Haynes company, or only on Model 22, and also whether appellee violated its contract with appellant by procuring for the Woodstock company orders for bodies finished "to the rub out"; that, since the court's finding was to the effect that appellee did not violate its contract and was entitled to receive commissions only on Model 22, the error was harmless.

We do not believe that the finding rendered the error harmless. Appellee, as agent, procured for appellant the contract of April 4. Appellee accepted it. It was appellant's contention that under this contract it was entitled to furnish to the Haynes company all bodies required by it for the 1913 season. It may be true that under the contract by which appellee was named as appellant's agent it was not contemplated that the former procure for the latter a contract as broad as that of April 4 as interpreted by appellant. Nevertheless the contract was procured and accepted, and appellant was entitled to its fruits without interference from appellee. Appellant contended that appellee did interfere to its damage, and through a counterclaim sought relief. The court interpreted the contract in harmony with appellee's contention, but in doing so heard over objection improper evidence bearing direct on the point in controversy. It does not appear from the record that weight was not

given to such improper evidence. We adhere to our ruling. Petition for a rehearing is overruled.