Portland Body Works *v.* McCullough Motor Supply Co.—86 Ind. App. 19.

filed and ruled on, the want of jurisdiction of the court for this reason could not be presented by demurrer to the complaint. Want of jurisdiction did not appear on the face of the complaint. For the same reason, want of jurisdiction could not be presented by a motion in arrest of judgment. This motion having been filed before the motion for a new trial, such motion for a new trial was not thereafter available to appellant except for causes arising after filing the motion in arrest. This rule of law has been often determined both by this court and the Supreme Court and is well established. Of the numerous cases so holding, we cite but two, to wit: *New Albany, etc., Mills Co.* v. *Senior* (1913), 53 Ind. App. 453, 101 N. E. 1025; *Conant* v. *First Nat. Bank, etc.* (1917), 186 Ind. 569, 117 N. E. 607.

Interlocutory orders for the allowance of attorneys' fees for defending this appeal, have been appealed to the Supreme Court. We therefore give them no consideration.

Judgment affirmed.

---

## PORTLAND BODY WORKS *v.* McCULLOUGH MOTOR SUPPLY COMPANY.

[No. 12,583. Filed March 30, 1927.]

1. PRINCIPAL AND AGENT.—*Instruction that construction of contract by parties was binding upon them not error.*—In an action by an agent for commissions for securing a sales contract for automobile bodies, instructions submitting to the jury whether the parties had placed a construction upon their contract—an ambiguous one—and charging that if they had, they would be bound by such construction, was not error, especially where the principal had filed an additional pleading expressly averring that they had placed a construction upon the contract. p. 22.

2. PRINCIPAL AND AGENT.—*Evidence held sufficient to sustain verdict for agent's commissions.*—Evidence held sufficient to sustain verdict for plaintiff awarding it commissions for securing a sales contract for automobile bodies manufactured by the defendant. p. 23.

From Henry Circuit Court; *J. R. Hinshaw,* Judge.

Action by the McCullough Motor Supply Company against the Portland Body Works. From a judgment for plaintiff, the defendant appeals. *Affirmed.* By the court in banc.

*Leffler, Ball & Leffler* and *Paul Brown,* for appellant.

*Hanna & Daily, Warner & Warner* and *Barnard & Barnard,* for appellee.

ENLOE, J.—This is a second appeal of this case. For statement as to the nature of this suit, contracts involved, etc., see former opinion, 72 Ind. App. 216, 119 N. E. 180. On the former appeal, the cause had been tried by the court, which made a special finding of the facts and stated conclusions of law thereon favorable to the appellee, but, on appeal, the cause was reversed because of admitting certain incompetent evidence.

The appellee, a corporation, with its office and principal place of business in Indianapolis, was engaged in the business of acting as manufacturer's agent in the sale of motor supplies. The appellant, also a corporation, with its office and principal place of business at Portland, Indiana, was engaged, among other things, in manufacturing bodies for automobiles.

On June 30, 1911, the parties hereto entered into a contract whereby the appellant appointed the appellee as its agent to sell automobile bodies manufactured by it, "for the season of 1912," said contract of employment to expire June 30, 1912. All contracts made by the appellee were to be subject to the approval of the appellant. The contract contemplated that manufacturers of automobiles desiring to contract with appellant for bodies, through the appellee, should submit to appellant a "blue print," together with specifications of the body they desired, and that appellant should then submit to the appellee a price, *net to it,* for which it

would furnish the bodies required. Appellee's compensation was to be the excess over the price so named which it might be able to obtain from the automobile manufacturer. It also appears that at the time said contract of agency was made, the appellant was not equipped to furnish automobile bodies except "in white"; that is, without paint or varnish, simply primed, and it inserted in said contract a provision that said agent—appellee—should not act as the agent of any manufacturer other than appellant in the sale of "bodies in white."

Under this contract of agency, the appellee opened negotiations with the Haynes Automobile Company, of Kokomo, Indiana, for the sale to it of automobile bodies; the Haynes company had prepared a blue print and specifications for the construction of an automobile body, which they designated as "model 22," and sent the same to appellant. Thereupon, the appellant constructed and forwarded to said Haynes company a sample body, built according to such blue print and specifications, and quoted to the appellee a price thereon of $60, net to itself, and appellee then quoted to the Haynes company a price on said body of $64.85. On April 4, 1912, appellee procured from the Haynes company a contract under which said company agreed to purchase its "requirements," in bodies, for the season of 1913, at said named figure. While the language of said contract "requirements" is broad, yet there is evidence in the record that the parties thereto had placed a construction thereon as meaning only *requirements* in bodies of model 22. On the former appeal, this court held that the said contract fell within the rule concerning contracts which, on their face, show an incompleteness or uncertainty, and that therefore it was a proper case for evidence as to practical construction, if any, placed upon it by the parties.

22    APPELLATE COURT OF INDIANA,

Portland Body Works *v.* McCullough Motor Supply Co.—86 Ind. App. 19.

After the remanding of this cause to the trial court, the appellant filed an additional paragraph of answer, designated as amended sixth paragraph, in which it alleged the making of the aforesaid contract with the Haynes company, setting out said contract; that both the appellant and appellee had placed a construction upon the same as covering *all* the requirements of the Haynes company for bodies for the season of 1913, without regards to model number; that said contract of agency expired June 30, 1912, and that thereafter appellee took employment with another company, designating it, as its agent for the sale of automobile bodies, and, as such agent, solicited and induced said Haynes company to breach its said contract with appellant and to purchase a portion of its requirements, in bodies, from said other manufacturer. This paragraph of answer was met by a general denial. A trial of the cause resulted in a verdict and judgment in favor of the appellee. The error assigned is the overruling of the motion for a new trial, under which the matters hereinafter considered are presented.

The first alleged error presented relates to the giving of instructions numbered 4 and 5. By each of these instructions, the question was submitted to the jury as to whether or not the parties hereto had placed a construction, a practical construction, upon said contract with the said Haynes company, and that if the jury so found, then the parties were bound by such construction. As to these instructions, the appellant says that neither of said instructions was "applicable to the cause made by the pleadings," and that it was, therefore, error to give them. The appellant seems to have overlooked the fact that on the former appeal, it was expressly held that said contract was open to construction, and that, after said cause was remanded, it filed a paragraph of answer wherein it

specifically alleged that the parties hereto had, by their acts and conduct, placed a construction upon said contract. This paragraph of answer, with the denial thereto, directly put the matter of practical construction in issue and the court did not err in giving said instructions.

It is next urged that said instructions are in conflict with instructions numbered 8 and 9, given by the court. We do not so construe them. These several instructions, as we read them, simply present different phases of the controversy, Nos. 4 and 5, telling the jury what they should do in case they find that the parties had placed a practical construction upon said contract, and Nos. 8 and 9, as being applicable if the jury should find that there was no such construction placed upon said contract.

It is next insisted that the verdict of said jury is not supported by sufficient evidence, and is contrary to law. We cannot concur in this contention; as we read

2.   the evidence, we think it amply sufficient to sustain the verdict of the jury.

Judgment affirmed.

Dausman, J., absent.