WILLIAM A. RENN, PEGGY J. RENN *v.* DAVIDSON'S SOUTHPORT
LUMBER CO., INC., AND JOHN C. ADAMS D/B/A JOHN ADAMS
PLUMBING AND EXCAVATING CO.

[No. 1071A200. Filed August 30, 1973.]

*Merrill Moores, David L. Millen, John L. Price, Moores &
Millen,* of Indianapolis, for appellant.

*D. Reed Scism, Roberts & Ryder, Leo L. Kriner, Kriner
& Harman,* of Indianapolis, for appellee.

WHITE, J.—Appellants, Mr. and Mrs. Renn (owners) hold
title to a dwelling house newly constructed pursuant to their
written contract with one Robert Viles d/b/a Rainbow Homes.
Viles, who is not a party to this litigation, seems to have
fathered it by failing to pay for building materials he pur-

chased from appellee Davidson's Southport Lumber Co., Inc., (Lumber Co.). Lumber Co. filed a notice of mechanics lien against owners' property. Owners thereupon filed a quiet title suit against Lumber Co.. Lumber Co. counterclaimed for foreclosure of the lien it claimed to hold. Owners moved for summary judgment which was granted with this proviso: "To the extent to which . . . Davidson's Southport Lumber Co., Inc. . . . [counterclaim] allege[s] a cause of action independent and separate from the cause of action to foreclose the mechanic's lien, . . . [it] shall be deemed to continue."

Lumber Co. then moved for and was granted summary judgment against owners in the sum of $4,771.26 on the theory that owners' contract with Viles made him their agent in the purchase of building materials of that value.

Lumber Co.'s motion for summary judgment was supported only by its verified statement of account attached to the counterclaim and by the following affidavit:

"Thomas G. Miner, being first duly sworn, deposes and says that he is Manager of the Franklin Division of Davidson's Southport Lumber Co., Inc., and in that capacity supervised the furnishing and delivering of building materials for the residence constructed on Lot 213 in Devon Hills, Indianapolis, Marion County, Indiana; that said materials were purchased and delivered to said residence at the special instance and request of William A. Renn and Peggy J. Renn through their agent, Robert Viles, doing business under the firm name and style of Rainbow Homes, and that the fair and reasonable market value of the materials so furnished is Four Thousand Seven Hundred Seventy-one Dollars and Twenty-six Cents ($4,771.26); that no payments have been made on said account and that said sum is due and unpaid."

Owners opposed Lumber Co.'s motion only by their affidavit[1], as follows:

1. The notary public's certificate did not state that the owners swore to the truth of the facts stated in the affidavit but merely that they

"1. That affiants did not enter into any contract, express or implied, with Davidson's Southport Lumber Co., Inc. for the furnishing and delivering of building materials for the residence on Lot 213 in Devon Hills, Indianapolis, Marion County, Indiana.

"2. That affiants did not authorize any other person to enter into a contract or agreement with Davidson's Southport Lumber Co., Inc. for the furnishing and delivering of building materials for the residence on Lot 213 in Devon Hills, Indianapolis, Marion County, Indiana.

"3. That specifically, affiants did not authorize Robert Viles in his individual capacity or doing business under the firm name and style of Rainbow Homes, to enter into an agreement or contract on their behalf with Davidson's Southport Lumber Co., Inc. for the furnishing and delivering of building materials for the residence on Lot 213 in Devon Hills, Indianapolis, Marion County, Indiana.

"4. That affiants did not constitute Robert Viles their agent to enter into an agreement or contract with Davidson's Southport Lumber Co., Inc. for the furnishing and delivering of building materials for the residence on Lot 213 in Devon Hills, Indianapolis, Marion County, Indiana; and that Robert Viles in his individual capacity or doing business under the firm name and style of Rainbow Homes did not act or purport to act as the agent for affiants in the entering into any agreement or contract with Davidson's Southport Lumber Co., Inc. for the furnishing and delivering of building materials for the residence on Lot 213 in Devon Hills, Indianapolis, Marion County, Indiana."

The court then made this entry: "Motion for Summary Judgment under advisement. Plaintiff [owners] directed to supply contract with Viles within 2 days."

---

acknowledged its execution. No objection to the affidavit on account of the certificate appears in the record before us. A footnote in appellee Lumber Co.'s brief points out the defect and adds: "The court certainly was at liberty to disregard the Renns' [owners'] 'affidavit'. However, according to the Renns' attorney, the trial court considered the 'affidavit' to be in proper form."

Apparently the defect was mentioned informally by appellees' counsel after the court had sustained Lumber Co.'s motion for summary judgment. Thereafter owners filed a motion to amend the certificate which the court overruled. Owners have assigned and argued error in that ruling but in view of the Lumber Co.'s comments and our disposition we consider the question irrelevant.

The court's entry on the day following reads:

"Building Agreement is filed which reads in the words and figures as following:"

What follows in the record is a photo-copy of a six-page, typewritten, document which is wholly unverified. For reasons which will appear, we do not consider its content relevant to our decision.

The trial court granted Lumber Co.'s motion for summary judgment. The judgment entry recited, *inter alia,* that,

"having considered the pleadings, the motion for summary judgment of the defendant and . . . [counter-complainant], Davidson's Southport Lumber Co., Inc., and the memorandum of the plaintiffs in opposition to said motion for summary judgment, and all affidavits filed herein and argument of counsel, the Court finds that there is no genuine issue as to any material fact undetermined between plaintiffs and the defendant".

We note that the record does not state that the court considered the building contract in finding "that there is no genuine issue as to any material fact undetermined". Owners' counsel also noted that fact and asked, in owners' motion to correct errors, that the entry be modified to show that the contract had been considered. The motion to correct errors also asserted that the court erred in considering the "purported contract . . . for the reason that . . . [it] was not authenticated or verified and did not constitute a pleading in the case".

In their briefs and argument both parties assume that the trial court did consider the contract. The gist of owners' argument is that their answer and their affidavit denying that Viles was their agent raise a genuine issue of material fact. The gist of Lumber Co.'s argument is that owners waived all objections to consideration of the contract by filing it in response to the court's order and that its production by

owners' attorneys is adequate certification of its authenticity. Further, that it conclusively proves Viles' agency.

Trial Rule 56 reads, in pertinent part:

## "SUMMARY JUDGMENT

"(A) For claimant. A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of twenty [20] days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof.

\* \* \*

"(C) Motion and proceedings thereon. The motion shall be served at least ten [10] days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits and testimony, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. . . . Summary judgment shall not be granted as of course because the opposing party fails to offer opposing affidavits or evidence, but the court shall make its determination from the affidavits and testimony offered upon the matters placed in issue by the pleadings or such evidence.

\* \* \*

"(E) Form of affidavits—Further testimony—Defense required. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, further affidavits, or, within the discretion of the judge, testimony of witnesses. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth

specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him. Denial of summary judgment may be challenged by a motion to correct errors after a final judgment or order is entered."

Our first consideration must be whether Lumber Co.'s motion for summary judgment entitled it, *prima facie,* to a judgment. Which is to say, whether it was entitled to such a "determination from the affidavits . . . offered upon the matters placed in issue by the pleadings. . . ." Trial Rule 56(C).

To so entitle the Lumber Co., its affidavit would have to conform to the requirements of Trial Rule 56(E). It would have to "[1] be made on personal knowledge . . . [2] set forth . . . facts . . . [3] admissible in evidence, and . . . [4] show affirmatively that the affiant is competent to testify to the matters stated therein."

It is only "[w]hen a motion for summary judgment is . . . supported as provided by this rule" that an "adverse party" must respond "by affidavits . . . [which] set forth specific facts showing that there is a genuine issue for trial." Absent compliance with the rule by the moving party, summary judgment in his favor is obviously not "appropriate", and failure of the opposing party to respond does not entitle the moving party to judgment.[2]

Lumber Co.'s affidavit by the manager of its Franklin Division does not show affirmatively that it is made on personal knowledge or that the affiant is competent to testify to the matters stated therein. It sets forth no facts to support any of its conclusory statements, including the conclusion that owners requested delivery of the building materials "through their agent, Robert Viles, doing business under the firm name and style of Rainbow Homes". There is no

---

2. *Ross* v. *Farmers Insurance Exchange* (1971), 150 Ind. App. 428, 277 N.E.2d 29, 36, 28 Ind. Dec. 379, 390; *Doe* v. *Barnett* (1969), 145 Ind. App. 542, 552, 251 N.E.2d 688, 695, 19 Ind. Dec. 88, 92.

record before us, and no contention, that either party objected to the conclusory nature of the other's affidavit in the court below. It is apparent that Lumber Co.'s affidavit was accepted by the court and by owners' counsel as casting on owners the duty (pursuant to TR. 56(E)) of making a response "by affidavits or . . . otherwise . . . showing that there is a genuine issue for trial." It is further apparent that owners' affidavit in response was accepted as a counteraction to Lumber Co.'s affidavit, notwithstanding its failure to "set forth specific facts".

Whether the trial judge recognized it or not, his request for the building contract between owners and their alleged agent Viles was tantamount to a finding that there was still before him a genuine issue of material fact. Had there not been such an issue, he would have granted or denied the motion depending on whether, as a matter of law, the Lumber Co. was entitled to judgment on the facts. Instead, the court ordered the production of one specific item of documentary evidence in an apparent attempt to resolve the issue.

Assuming, *arguendo*, that appellants have, by furnishing the contract without objection, waived any right they might have had to object to its consideration by the court, it does not follow that the question of agency thereupon became a pure question of law.

Although the interpretation of a written contract is a matter of law for the court and never, strictly speaking, a question of fact for a jury, there is nothing in the record to disclose that the written contract herein is the only evidentiary fact which may bear on the question of whether Viles was acting as owners' agent when he purchased building materials for their home.[3] At most, the contract, until modi-

---

3. *Hearst Corporation* v. *Cuneo Press, Inc.* (7th Cir. 1961), 291 F.2d 714; *Portland Body Works* v. *McCullough* (1918), 72 Ind. App. 216, 227, 229, 119 N.E. 180. But see *United States Fidelity and Guaranty Co.* v. *Baugh* (1970), 146 Ind. App. 583, 612, 257 N.E.2d 699, 717, 21 Ind. Dec. 48, 74.

fied, could authorize Viles to purchase the materials as their agent until the agency was revoked. Whether the authority was ever exercised or the contract modified by subsequent action or agreement are questions the contract alone cannot answer. Even the fact that the materials were charged by Lumber Co. to Viles' trade name and not to owner may be evidence to be weighed by fact finders in determining whether Viles was acting as agent or independent contractor-purchaser.

The rule authorizes the trial court to "permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, further affidavits, or within the discretion of the judge, testimony of witnesses." Trial Rule 56(E). The obvious intent and purpose of that provision is to make it possible for the moving party to supplement his efforts to show that there is no issue of fact and for the opposing party to show that there is. It is not a provision for an abbreviated or summary trial of an issue of fact. *Newcomb* v. *Cassidy* (1969), 144 Ind. App. 315, 327, 245 N.E.2d 846, 852, 17 Ind. Dec. 115, 124; *Ross* v. *Farmers Insurance Exchange, supra,* 150 Ind. App. 428, 277 N.E.2d at 36, 28 Ind. Dec. at 390; *Doe* v. *Barnett, supra,* 145 Ind. App. at 552, 251 N.E.2d at 695, 19 Ind. Dec. at 97. Nor is there any provision in the rule for the court, *sua sponte,* to conduct a summary proceeding to resolve or determine an issue of fact created by the opposing affidavits of the parties conclusory though they may be. *Houston* v. *First Fed. Savings & Loan Assoc.* (1969), 144 Ind. App. 304, 312, 246 N.E.2d 199, 204, 17 Ind. Dec. 125, 132; *Babchuk* v. *Heinold Elevator Co.* (1969), 144 Ind. App. 328, 335, 246 N.E.2d 211, 216, 17 Ind. Dec. 148, 154; *Campana Corp.* v. *Harrison* (7th Cir. 1943), 135 F. 2d 334, 336. Because the state of the record before us leaves a doubt, at least, whether there is a genuine issue of material fact, the judgment must be reversed.

The parties have raised other issues which we deem it unnecessary to decide since they are not likely to arise in

further proceedings on remand. It may be appropriate, however, to emphasize that we do not in this opinion make any attempt to interpret the contract between owners and Viles.

The judgment is reversed and the cause is remanded to the court below for further proceedings not inconsistent with the views expressed herein.

Reversed and remanded.

Buchanan, P.J. and Sullivan, J., concur.

NOTE.—Reported at 300 N.E.2d 682.